STANLEY J. TROHIMOVICH, ANNA MAE TROHIMOVICH, RICHARD A. TROHIMOVICH and MERITA M. TROHIMOVICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trohimovich v. Commissioner
Docket Nos. 8403-75, 6424-76.
United States Tax Court
T.C. Memo 1978-346; 1978 Tax Ct. Memo LEXIS 168; 37 T.C.M. (CCH) 1435; T.C.M. (RIA) 78346; August 31, 1978, Filed Stanley J. Trohimovich and Richard A. Trohimovich, pro se. Thomas N. Tomashek, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax for the years and in the amounts as follows: Petitioners
Year
Tax
Stanley J. Trohimovich and
Anna Mae Trohimovich
1971
$ 2,069.22
Richard A. Trohimovich and
Merita M. Trohimovich
1971
1,900.22
Additions to Tax, I.R.C. 1954 [1] Petitioners
Year
Tax
Sec. 6651(a)
Sec. 6653(a)
Stanley J.
1972
$ 8,803.39
$ 1,960.59
$ 440.17
Trohimovich
1973
10,473.39
2,356.84
523.67
Anna Mae
1972
7,753.39
1,698.09
0
Trohimovich
1973
9,211.89
2,041.47
0
Richard A.
1972
7,679.44
1,731.83
383.97
Trohimovich
1973
9,739.35
2,255.88
486.97
Merita M.
1972
7,378.39
1,656.56
0
Trohimovich
1973
9,263.56
2,136.94
0
*169 The issues for decision are: (1) Whether respondent properly increased petitioners' income for the year 1971 by increased distributable income from a partnership, Grays Harbor Motors, the increased partnership income resulting from the disallowance of claimed deductions which were unsubstantiated; (2) whether each of petitioners is liable for the additions to tax under section 6651(a) for the years 1972 and 1973 for failure to timely file Federal income tax returns; (3) whether petitioners Stanley J. Trohimovich and Richard A. Trohimovich are liable for the additions to tax for negligence or intentional disregard of rules and regulations prescribed under section 6653(a) for each of the years 1972 and 1973; (4) whether respondent's determination of deficiencies for each of the years in issue was arbitrary; and (5) whether various constitutional rights of petitioners, including a claimed right to jury trial, have been violated. FINDINGS OF FACT At the time of the filing of their petitions herein, all 4 petitioners were *170 residents of Aberdeen, Washington. For the calendar year 1971, Stanley J. and Anna Mae Trohimovich filed a joint Federal income tax return with the Ogden Service Center, Ogden, Utah, and for this same year Richard A. and Merita M. Trohimovich filed their joint Federal income tax return with the same Service Center. Also, for the year 1971 a United States Partnership Return of Income (Form 1065) was filed by the partnership of John, Stanley & Richard Trohimovich, known as Grays Harbor Motors. The partnership return was signed by Stanley J. Trohimovich. On June 19, 1973, a 1972 Form 1040 bearing the names of Stanley J. and Anna M. Trohimovich was received at the Ogden Service Center of the Internal Revenue Service, Ogden, Utah. The only information contained on this form was a statement, "See Attached Letter of Explanation" and under 1972 estimated tax payments the figure of $ 1,922. The attached letter referred to an uncompleted Form 1040 and an uncompleted Form 1065 being filed since certain requests for information from the Internal Revenue Service had not been supplied. On January 13, 1975, a 1972 Form 1040 under the name of Stanley J. Trohimovich, marked "Amended Return, *171 " was received by the Ogden Service Center of the Internal Revenue Service. This form contained no figures other than estimated tax payments of $ 1,922, and, in the spaces provided for showing the information with respect to income and deductions, contained such statements as: "Please explain ratio of Fed Res Notes to Statutory Dollars" and "Object-5th Amendment." On December 19, 1974, a 1973 Form 1040 in the name of Stanley J. Trohimovich was received by the Internal Revenue Service which bore notations similar to the notations on the document marked "Amended Return" received by the Internal Revenue Service from Stanley J. Trohimovich for 1972. On this document, the only figure appearing was in the space of 1973 estimated tax payments, where the figure of $ 2,092 appeared. On June 19, 1973, the Ogden Service Center of the Internal Revenue Service received a 1972 Form 1040 in the name of Richard A. & Merita M. Trohimovich which showed no figures except 1972 estimated tax payments of $ 1,227.28. Where the signatures should have appeared was the statement: "This return is filed without the Surrender of any Constitutional Rights, including the 4th and 5th Amendments." On January 17, 1975, the *172 Ogden Service Center of the Internal Revenue Service received a 1972 Form 1040 in the name of Richard A. Trohimovich, marked "Amended Return" which contained no figures, but the spaces provided for showing income and deductions, contained the statement: "Object-5th Amendment." The Internal Revenue Service received a Form 1040 signed by Richard A. Trohimovich, marked "(amended for 1972)" which contained no figures but numerous statements with respect to constitutional rights. On December 19, 1974, the Internal Revenue Service received a 1973 Form 1040 in the name of Richard A. Trohimovich, signed by him which contained no figures other than 1973 estimated tax payments $ 1,227.28. In the spaces provided for reporting income and deductions were such statements: "Please explain the ratio of Fed Res Notes to Statutory Dollars" and "Object-5th Amend." Under date of January 10, 1975, a U.S. Individual Income Tax Return for 1973, Form 1040, was filed by Mrs. Merita M. Trohimovich reporting salaries of $ 1,990.01, with W-2 forms attached showing receipts totaling this amount from Grays Harbor Resthaven, Inc. and Aberdeen School District No. 5. The return showed Federal income tax withheld *173 of $ 204.32, the total of which amount was claimed to be refundable. For the years 1972 and 1973, Forms 1065 in the name of Grays Harbor Motors were sent to the Internal Revenue Service. These Forms 1065 were signed by Stanley J. Trohimovich, and contained no figures but statements basically comparable to those contained on the 1972 and 1973 Forms 1040 sent to the Internal Revenue Service by Stanley J. and Richard M. Trohimovich. In September 1972, the 1971 return of Stanley J. and Anna Mae Trohimovich and the partnership return of income of Grays Harbor Motors for 1971 were assigned to a revenue agent for audit. When Mr. Stanley J. Trohimovich refused to produce records to enable the revenue agent to complete the audit, he was served with a summons for production of such records.Upon his refusal to comply, the matter was presented to the United States District Court in Tacoma, Washington, which ordered that the records be produced. Mr. Trohimovich appealed the order to the United States Circuit Court of Appeals for the Ninth Circuit and the order was affirmed. However, Mr. Trohimovich still refused to comply with the order of the Court and has never complied with the summons. *174 Being refused access to the records of Stanley J. Trohimovich or Grays Harbor Motors, the revenue agent obtained certain information from third parties and on that basis left certain claimed deductions unchanged. The 1971 partnership return reported gross receipts of $ 292,856.19; cost of goods sold $ 223,165.45; and gross profit of $ 69,690.74. Certain miscellaneous items of income were reported, leaving total reported income of $ 72,396.62. From this total income were deducted payments of salaries and interest to partners totaling $ 24,575.02, and various other deductions, making total deductions, including the payments to partners, of $ 68,481.83. Various deductions were specifically itemized and then under "Other deductions," an amount of $ 10,449.83 was claimed. Based on the revenue agent's report, showing his inability to substantiate certain deductions, respondent in his notice of deficiency disallowed cost of labor as cost of sales of $ 4,991.12; rent of $ 625; interest of $ 1,412.54; repairs expense of $ 817.64; and bad debts of $ 855.45, for lack of substantiation. Of the "Other deductions," respondent allowed electricity of $ 396.76 and allowed 20 percent of the *175 balance of $ 10,053.07 with the explanation that it had not been established that the remaining costs represented ordinary and necessary partnership expenses, or had been expended for the purpose designated. Because of the adjustments made, respondent increased reported partnership income, including payments to partners from $ 28,489.81 to $ 45,233.39, one-half of the increase being included as increased income from the partnership to each Stanley J. Trohimovich and Richard A. Trohimovich. Prior to issuance of deficiency notices to each of petitioners for each of the years 1972 and 1973, an officer of the Internal Revenue Service attempted to obtain petitioners' books and records and the books and records of Grays Harbor Motors for the years 1972 and 1973, but was refused access to these books and records. Respondent's agents obtained information as to the bank deposits in the partnership bank accounts. Respondent in his notice of deficiency to each petitioner for each of the years 1972 and 1973 computed the partnership income of Grays Harbor Motors on the basis of determining that gross partnership profits were 50 percent of the deposits in the partnership bank account. The *176 dealer reserve income was determined from deposits to a reserve account and deductions for salaries and wages from employment tax returns. The deduction for rent was determined from third parties as was the deduction for sales tax and employment tax and utility expense. The depreciation deduction was determined from information shown on the 1971 partnership return. In the notice of deficiency to each petitioner, respondent determined that each petitioner's community share of partnership distributable income from Grays Harbor Motors partnership was $ 26,696.78 for the calendar year 1972 and $ 29,445.70 for the calendar year 1973. After these cases were docketed in this Court, the Court issued orders requiring petitioners to produce their books and records and those of Grays Harbor Motors for each of the years here involved. Petitioners have not complied with these orders and specifically refused to so comply when again afforded the opportunity to comply at the trial of these cases. Petitioners have never produced books and records to substantiate their claimed deductions for 1971 and have consistently refused to produce these records. Petitioners have produced no records from *177 which their income and deductions might be computed for the years 1972 and 1973 and have consistently refused to produce such records. OPINION Petitioners in these cases claim that respondent's determination of their tax liability for 1971 is arbitrary since the duty was on respondent to ferret out various sources to support the various deductions claimed by petitioners. Petitioners specifically contend that the allowance of 20 percent of claimed "Other Deductions" was arbitrary. For this reason, petitioners contend that the burden of showing the proper amount of tax owed by petitioners is on respondent. These cases are very similar to Roberts v. Commissioner,62 T.C. 834, 836, 839 (1974). In that case, we pointed out that ordinarily a taxpayer has the burden of proving respondent's determination in the notice of deficiency to be in error. We stated, however, that a different rule applies if the taxpayer can show that the determination of the Commissioner was arbitrary and unreasonable. We concluded in the Roberts case that taxpayers have no inherent right to deductions and where a taxpayer refuses to furnish respondent with any substantiation of claimed *178 deductions, it is not arbitrary on the part of respondent to deny the claimed deductions. It follows if it is not arbitrary to deny the claimed deductions in full the allowance of an estimated portion of such deductions is not an arbitrary action where a taxpayer refuses to furnish substantiation. In the instant case, respondent's agents took every step, other than attempting to have petitioners cited for contempt in failing to comply with the Court orders, to obtain petitioners' books and records to audit petitioners' 1971 returns. Therefore, it was not arbitrary but completely justified for respondent to disallow the deductions which were disallowed in the notice of deficiency for the year 1971 upon petitioners' refusal to supply respondent with the records from which the claimed deductions could be verified. With respect to the years 1972 and 1973, the situation in the instant cases is comparable to that in Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). In that case (at p. 82) we pointed out that the law is well settled that respondent is entitled to use such methods as the bank deposits method in determining a *179 taxpayer's income where the taxpayer does not make his books and records available for audit. The circumstances of the Cupp case, supra, are very comparable to those in the instant cases. We hold that respondent's determination of deficiencies in these cases was not arbitrary. See Harbin v. Commissioner,40 T.C. 373 (1963). Apparently from motions filed following the trial of these cases petitioners are still contending (1) that Federal Reserve notes are not lawful money; (2) that they are entitled to a jury trial; (3) their 5th Amendment rights have been violated; (4) that the income tax laws are unconstitutional; and (5) that placing the burden of proof upon them deprives them of property without due process of law. Contentions similar to these were made and held to be without merit in Cupp v. Commissioner,supra. Similar holdings have been made in numerous other cases. See Hatfield v. Commissioner,68 T.C. 895 (1977); Swanson v. Commissioner,65 T.C. 1180 (1976); Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. The burden of proof *180 is on petitioners to show error in respondent's determination of additions to tax for negligence, and petitioners Stanley J. and Richard A. Trohimovich have made no such showing in these cases. Therefore, respondent's determination of these additions to tax for 1972 and 1973 as to these petitioners is sustained. The documents filed by petitioners for the years 1972 and 1973 are not tax returns except for the document filed by Mrs. Merita M. Trohimovich for the year 1973 which was filed approximately 10 months late. Petitioners have shown no reasonable cause for failure to timely file their tax returns for the years 1972 and 1973. Therefore, respondent is sustained in his determination of the addition to tax under section 6651(a) for failure to timely file tax returns for 1972 and 1973 with respect to each petitioner. See Cupp v. Commissioner,supra at 79-81, and cases there cited. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩