GLORIA SWANSON (A.K.A. GLORIA SWANSON DAVEY), PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6474-74.    Filed March 31, 1976.

*David R. Shelton,* for the petitioner.
*Rudd L. DuVall,* for the respondent.

OPINION

DRENNEN, *Judge:* In a notice of deficiency dated May 9, 1974, the Commissioner of Internal Revenue determined deficiencies in petitioner's income taxes for the years 1969 and 1970. Petitioner filed a timely petition with the Tax Court for a redetermination of the deficiency. Sec. 6213(a), I.R.C. 1954. Issue having been joined, the case has been set for trial at the trial calendar of the Court in Washington, D.C. beginning May 3, 1976.

On February 20, 1976, petitioner filed a motion for trial by jury, relying on the seventh amendment to the Constitution. Respondent filed an objection to such motion and the motion was set down for hearing on March 24, 1976. Both parties filed memoranda in support of their positions, and counsel were heard in open court on the motion. At the conclusion of oral argument petitioner's motion for jury trial was denied.

The seventh amendment to the United States Constitution provides: "In suits at common law, when the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

In *Wickwire v. Reinecke,* 275 U.S. 101 (1927), the Supreme Court made it clear that there is no constitutional right to jury trial in tax matters, stating:

It is within the undoubted power of Congress to provide any reasonable system for the collection of taxes and the recovery of them when illegal, without a jury trial—if only the injunction against the taking of property without due process of law in the method of collection and protection of the taxpayer is satisfied.

In *Olshausen v. Commissioner,* 273 F.2d 23 (9th Cir. 1959), cert. denied, 363 U.S. 820 (1960), rehearing denied 364 U.S. 855, it was held that the statutory procedure provided by the Internal Revenue Code of 1939 for issuance of the notice of deficiency and the procedure for the redetermination of that deficiency by petition to the Tax Court did not deprive the taxpayer to any right to trial by jury. The court said:

Having taken advantage of the deficiency notice procedure by filing a petition in the Tax Court without paying the tax first, petitioner now makes the claim that he was deprived thereby of a jury trial. Such deprivation was due to his own act. If he desired a jury trial, he should have paid the tax first and then sued for a refund in the district court. There is no right to a jury trial without paying first as a statutory matter (Flora v. United States, 1958, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165) and no right to a jury trial at all in tax matters as a

constitutional requirement. (Wickwire v. Reinecke, 1929, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184). * * *

In that case petitioner asserted that he was entitled to a jury trial by reason of the seventh amendment to the Constitution which guarantees a jury trial where required at common law. He contended that his action in the Tax Court seeking redetermination of civil fraud penalty was an action at common law debt for which a jury trial was required. Disagreeing, the court held—

We have under consideration in the instant case a proceeding provided for by statute to test the validity of a penalty assessed pursuant to that statute. No such action existed at common law, and, therefore, no jury trial is required by the Seventh Amendment.

Petitioner urges that since the status of the Tax Court changed from that of an "independent agency within the Executive Branch" to an article I court by the Tax Reform Act of 1969, the above decisions are no longer definitive of the issue before us. However, this Court held in *Emma R. Dorl,* 57 T.C. 720 (1972), affd. 507 F.2d 406 (2d Cir. 1974), in denying petitioner's request for a jury trial in the Tax Court, the provisions of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969, concerning trials before the U.S. Tax Court remain unchanged. See also *Burns, Stix Friedman & Co.,* 57 T.C. 392, 396 (1971).

In *Edward A. Cupp,* 65 T.C. 68 (1975), this Court again held that a taxpayer is not entitled to a jury trial in the Tax Court stating that it is well settled that in a suit concerning Federal tax liability, no right to a jury trial exists under the seventh amendment guaranteeing a jury trial in common law actions.

Petitioner relies on *Pernell v. Southall Realty,* 416 U.S. 363 (1974), and on *Curtis v. Loether,* 415 U.S. 189 (1974), as support for her argument that under the seventh amendment a jury trial is guaranteed in any action in a court established by Congress under article I of the Constitution except actions in equity or admiralty. Those cases do not support petitioner's contention.

*Pernell* involved a suit to recover possession of real property brought in the Superior Court for the District of Columbia under section 16-1501 of the District of Columbia Code, as restructured under the Court Reform Act of 1970. *Curtis* involved an action brought under section 812 of the Civil Rights Act of 1968 for damages and an injunction against a landlord for refusal to rent an apartment to petitioner because of her race brought in the

U.S. District Court for the Eastern District of Wisconsin. *Rogers v. Loether,* 312 F. Supp. 1008 (E.D.Wis. 1970). In both cases the right to trial by jury was upheld by the Supreme Court. In *Pernell* the Supreme Court stated with regard to the seventh amendment, "Like other provisions of the Bill of Rights, it is fully applicable to courts established by Congress in the District of Columbia." However, in each case the real issue was whether the statutory actions were sufficiently similar to suits at common law to invoke the protection of the seventh amendment. In both cases the Court found that the statutory actions were similar to actions for damages or for collection of debts which were actions requiring trial by jury at common law. In *Pernell* the Supreme Court said of the seventh amendment that the "Amendment requires trial by jury in actions unheard of at common law, provided that the action involves rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity or admiralty." These cases stand for the proposition that the seventh amendment is applicable in statutory actions brought in a court created by statute but guarantees a trial by jury only if the action involves rights and remedies of the sort traditionally enforced in an action at law.

Petitioner's reliance on *Damsky v. Zavatt,* 289 F.2d 46 (2d Cir. 1961), is also misplaced. The opinion in that case was in a proceeding in mandamus but the underlying action involved the Government's attempt to enforce Federal tax liens on real property, and to obtain judgment for unpaid Federal taxes. The court held that the complaint against the husband-taxpayer seeking a personal judgment against him for taxes assessed solely against him was an action for money judgment and nothing more, which was a suit at common law within the seventh amendment guarantee of a jury trial. The court also held, however, that the seventh amendment did not give a right to trial by jury on various other claims such as foreclosure of tax liens against the wife's real property and to set aside fraudulent conveyances. In the course of distinguishing the rights under the various claims the court pointed out: "The right to a jury trial depends on the nature of the relief sought, not on what may ultimately be secured."

An action brought in the Tax Court for redetermination of a deficiency had no counterpart in actions at common law. *Olshausen v. Commissioner, supra.* It is a statutory proceeding

specifically provided by Congress for a taxpayer to obtain a judicial determination of his tax liability without having to pay the deficiency first. It has nothing to do with collection of the tax nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law.

The United States cannot be sued without its permission and Congress may provide both the forum and procedure for bringing an action against the United States. In *McElrath v. United States,* 102 U.S. 426 (1880), the Supreme Court said:

Suits against the government in the Court of Claims * * * are not controlled by the Seventh Amendment. They are not suits at common law within its true meaning. The government cannot be sued, except with its own consent. It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits. It may restrict the jurisdiction of the court to a consideration of only certain classes of claims against the United States. Congress, by the act in question, informs the claimant that if he avails himself of the privilege of suing the government in the special court organized for that purpose, he may be met with a set-off, counter-claim, or other demand of the government, upon which judgment may go against him, without the intervention of a jury, if the court, upon the whole case, is of opinion that the government is entitled to such judgment. If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the government to the exercise of the privilege. Nothing more need be said of this subject.[1]

See also *Ex Parte Bakelite Corp.,* 279 U.S. 438 (1929).

Neither the *Pernell* case nor the *Curtis* case involved actions against the United States. They were both actions by a private individual against another private individual or corporation.

There is nothing in the statutory procedure established by Congress providing for a trial by jury in the Tax Court. In fact,

---

[1] In oral argument counsel for petitioner contended that decisions involving sovereign immunity in actions brought in the Court of Claims are not relevant to actions brought in the Tax Court because in the Court of Claims actions are brought against the United States whereas in the Tax Court the Commissioner of Internal Revenue is the respondent. We disagree. It is clear that the sovereign can act only through its agents and that a suit against its agent, acting in his official capacity, is a suit against the United States; and that the doctrine of sovereign immunity would be applicable to actions brought against the Commissioner of Internal Revenue for redetermination of deficiencies in tax. See *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682 (1949); *United States v. Sherwood,* 312 U.S. 584 (1941). See also the following cases involving Federal tax proceedings: *Cupp v. Saxbe,* 523 F.2d 1050 (3d Cir. 1975), 36 AFTR 2d 75-6192, 75-2 USTC 9834; *Cupp v. The Secretary of the Treasury,* 523 F.2d 1050 (3d Cir. 1975), 36 AFTR 2d 75-6191, 75-2 USTC 9835; *Reisman v. Caplin,* 317 F.2d 123 (D.C. Cir. 1963), affd. 375 U.S. 440 (1963); *Brasier v. United States,* 229 F.2d 176 (10th Cir. 1955); *Schein v. United States,* 352 F.Supp. 182 (E.D.N.Y. 1972).

various provisions of the statute imply to the contrary. For example, section 7453, I.R.C. 1954, provides—

the proceedings of the Tax Court and its divisions shall be conducted * * * in accordance with the rules of evidence applicable in trials *without a jury* in the U.S. District Court of the District of Columbia. [Emphasis added.]

And section 7459(b) provides:

It shall be the duty of the Tax Court and of each division to include in its report upon any proceeding its *findings of fact* or opinion or memorandum opinion. The Tax Court shall report in writing all its findings of fact * * * [Emphasis added.]

Petitioner has no right under the seventh amendment to the Constitution or under the statutory law to a trial by jury in the Tax Court. Accordingly, petitioner's motion is denied.

*An appropriate order will be entered.*