LOYD H. TANNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tanner v. Commissioner
Docket No. 8228-74.
United States Tax Court
T.C. Memo 1977-183; 1977 Tax Ct. Memo LEXIS 255; 36 T.C.M. (CCH) 761; T.C.M. (RIA) 770183; June 14, 1977, Filed Loyd H. Tanner, pro se. John D. Moats, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $2,840.04 in petitioner's Federal income tax for 1971, plus an addition to tax of $142 under section 6653(a). [1] The deficiency is the result of respondent's determination that petitioner failed to substantiate certain deductions claimed on his 1971 return with respect to a dependency exemption, rental expenses, travel and entertainment expenses, and certain automobile expenses. FINDINGS OF FACT Petitioner resided in Casper, Wyoming, at the time of filing his initial petition herein. Petitioner filed a Federal *256 income tax return for 1971. OPINION Petitioner appeared at the trial of this case but refused to present any evidence to substantiate the various deductions which respondent disallowed in his notice of deficiency. Despite the repeated urging of the Court, petitioner refused to allow respondent to examine the records he had in his possession for the purpose of preparing a stipulation of facts pursuant to Rule 91, Tax Court Rules of Practice and Procedure.
Petitioner's justification for his refusal to present any evidence in this case is predicated upon a panoply of poorly articulated legal arguments initiated in his petition (as twice amended) and later pursued in part on brief. While the majority of such arguments border on the absurd and fail to present justiciable issues, we feel it incumbent upon the Court to briefly address the more cogent of these arguments since petitioner has chosen to rely solely upon them. [2]
Petitioner maintains: (1) That requiring him to present evidence to substantiate the deductions disallowed by respondent would violate his Fifth *257 Amendment privilege against self-incrimination. (2) That he is entitled to a jury trial in this Court with respect to the asserted deficiency. (3) That paper money issued by the Federal Government which is not convertible into gold or silver does not represent taxable income. (4) That he is entitled to injunctive relief from audits conducted by respondent in successive years. (5) That respondent has the burden of proof with respect to the asserted deficiency and acted in an arbitrary and capricious manner in disallowing the deductions in issue. We find each of these arguments to be unpersuasive. First, the record does not indicate that petitioner was the subject of a present or impending criminal prosecution at the time of trial Rather, it appeared that the possibility of such an investigation was remote or unlikely, at best. Petitioner offered no evidence to the contrary. Therefore, petitioner's Fifth Amendment privilege against self-incrimination is not violated by requiring him to substantiate his deductions. Roberts v. Commissioner,62 T.C. 834 (1974); see Rogers v. United States,340 U.S. 367 (1951). Petitioner likewise has no Seventh *258 Amendment right to a jury trial in this Court. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. 68 (1975), on appeal (3rd Cir. Jul. 26, 1976). Nor does the convertibility of paper money into gold or silver represent a relevant consideration in determining petitioner's income. Gajewski v. Commissioner,67 T.C. 181 (1976), on appeal (8th Cir. May 23, 1977). Petitioner's final two arguments fare no better. There is simply no constitutional or statutory basis for this Court to provide the injunctive relief requested by petitioner. See section 7421; Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418 (1943). Nor has petitioner established that such relief would be proper. See Enochs v. Williams Packing Co.,370 U.S. 1 (1962). With respect to placement of the burden of proof, respondent's determinations are primafacie correct and the burden of proof is upon petitioner. Welch v. Helvering,290 U.S. 111 (1933). [3] Furthermore, the mere fact that respondent was not allowed to examine petitioner's records does not establish that respondent's *259 determination was arbitrary or capricious. Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. in an unpublished order (9th Cir. 1973). In view of the foregoing and petitioner's refusal to present any evidence at trial to substantiate the deductions in issue, we are compelled to sustain the deficiency and the addition to tax. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The arguments presented by petitioner but not addressed in this opinion are rejected without comment.↩
3. Petitioner also has the burden of proof as to the propriety of respondent's assertion of an addition to tax under sec. 6653(a), I.R.C. 1954↩.