RICHARD M. WATSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watson v. Commissioner
Docket No. 5607-76.
United States Tax Court
T.C. Memo 1977-217; 1977 Tax Ct. Memo LEXIS 226; 36 T.C.M. (CCH) 910; T.C.M. (RIA) 770217; July 13, 1977, Filed *226 Richard M. Watson, pro se. Alice Gresham and Charles N. Woodward, for the respondent. SCOTT MEMORANDUM OPINION
SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1974 in the amount of $1,574.89. The issue for decision as presented to the Court when the case was called for trial at Houston, Texas on May 9, 1977, was whether petitioner's "demand" for a trial by jury in this Court should be granted. The only allegation contained in the petition in this case is as follows: I disagree with the entire $1574.89 because: #1.) I had (during other encounters with agents of the IRS) and still have in my possession complete substantiation of all deductions. #2.) I don't practice prevarication when I file my tax returns with any tax agency. #3.) The legal right of a taxpayer to decrease the amount of what other-wise would be his taxes, or all-together (sic) avoid them, by means which the law permits, cannot be doubted. When trial of the case was to commence, petitioner refused to offer evidence in substantiation of the only allegation in his petition and stated that he insisted on standing on *227 the ground he assigned of a right to trial by jury. After having been admonished by the Court that the case would be determined against him if he did not offer evidence to substantiate the deductions claimed by him which had been disallowed by respondent, petitioner persisted in his position. At the request of the Court, the parties stipulated that at the time of the filing of the petition in this case petitioner's residence was in Houston, Texas and that he filed a Federal income tax return for the calendar year 1974 claiming the following deductions: Moving Expense
$1,850
Employee Business Expense
2,420
Casualty Loss
2,760
Child Care Expense
2,006 Respondent at the trial conceded that he had improperly disallowed petitioner's claimed deduction for a casualty loss. Petitioner offered no evidence to show that any deduction taken on his return not conceded by respondent to be properly allowable was in fact proper. We therefore, except to the extent of the casualty loss deduction which respondent conceded, sustain respondent's determination of petitioner's tax liability for the year here in issue. We have previously considered the question of whether a taxpayer's *228 constitutional rights are violated by placing on him the burden to show error in respondent's determination of deficiency and have held that a taxpayer's constitutional rights are not violated by requiring him to show such error. Hartman v. Commissioner,65 T.C. 542, 547 (1975). We have also, on a number of occasions, considered whether a petitioner is entitled to a jury trial in the United States Tax Court and have held that he is not. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. 68, 86 (1975), affd.     F.2d     (3d Cir. 1977). In the Swanson case, we specifically pointed out that a taxpayer has no right either under the Seventh Amendment to the Constitution or under statutory law to a jury trial in the Tax Court. In that case we discussed previous cases holding that a taxpayer is not entitled to a jury trial in the Tax Court and further concluded that those cases are still effective under the new Rules of Practice adopted by this Court as of January 1, 1974. On the basis of our holding and the underlying reasons set forth in the opinion in the Swanson case, we hold that petitioner *229 has no right to a jury trial in this Court in the instant case. Decision will be entered under Rule 155.