LAWRENCE W. FOGLE AND JOYCE A. FOGLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fogle v. Commissioner
Docket No. 9657-77.
United States Tax Court
T.C. Memo 1978-200; 1978 Tax Ct. Memo LEXIS 316; 37 T.C.M. (CCH) 856; T.C.M. (RIA) 780200; May 31, 1978, Filed *316 Osmun R. Latrobe, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was called for trial on April 24, 1978, at the session of the Court in Oklahoma City, Oklahoma. There was no appearance by the petitioners although they were sent a notice on January 19, 1978, setting the case for trial. They were further notified by an order dated February 17, 1978, that their motion to dismiss this case on constitutional grounds and respondent's motion for leave to file an amendment to his answer would also be heard on April 24, 1978. At the hearing on that date the Court granted respondent's motion for leave to file an amendment to his answer and denied the petitioners' motion to dismiss. Respondent then moved orally that this case be dismissed for failure to properly prosecute. Respondent determined a deficiency of $226 in petitioners' Federal income tax for the year 1975. The principal adjustments were based upon the failure of the petitioners to substantiate the deductibility and amount of claimed interest and child care expenses. Petitioners' arguments with respect to this case are set forth in their motion to dismiss. All of them lack *317 merit. The assertion of the Fifth Amendment privilege was untimely, premature and without foundation. See Harper v. Commissioner,54 T.C. 1121, 1131-1139 (1970). Neither the petitioners nor the respondent have given the Court any reason to believe that a criminal investigation is presently underway or even a remote possibility. In Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971), we held that this Court was properly created as an Article I court and that exercise of the jurisdiction conferred upon it by Congress does not violate Article III of the Constitution of the United States.
In Rockwell v. Commissioner,512 F. 2d 882, 887 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, the Court of Appeals rejected an argument that placing the burden of proof on petitioner was unconstitutional stating that the argument borders on the frivolous. See also Roberts v. Commissioner,62 T.C. 834 (1974). We have also held in a number of cases that a taxpayer in this Court has no right to a jury trial. Cupp v. Commissioner,65 T.C. 68, 86 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977); *318 Swanson v. Commissioner,65 T.C. 1180 (1976). The deficiency determination is presumptively correct, and the petitioners have the burden of proving that it is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Petitioners have offered no proof. We reject their argument that their Federal income tax return, signed under penalty of perjury, is presumptively correct. In Roberts v. Commissioner,supra, a case almost squarely in point on each issue present in the instant case, this Court found that no such presumption on behalf of petitioners exists. Accordingly, we will grant respondent's motion to dismiss this case for lack of prosecution. An appropriate order and decision will be entered.