ROBERT W. LYON and MARGARET M. LYON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lyon v. Commissioner
Docket No. 5850-75.
United States Tax Court
T.C. Memo 1978-347; 1978 Tax Ct. Memo LEXIS 169; 37 T.C.M. (CCH) 1439; T.C.M. (RIA) 78347; August 31, 1978, Filed Robert W. Lyon, pro se. Alan R. Herson and Martin F. Klotz, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax for the years and in the amounts as follows: ROBERT W. LYON
Additions to Tax, I.R.C. 1954 [1] Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1969
$ 6,064.69
$ 1,516.17
$ 303.23
$ 194.07
1970
1,718.90
429.73
85.95
55.35
1971
2,946.27
709.82
147.31
90.01
MARGARET M. LYON
Additions to Tax, I.R.C. 1954 [1] Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1969
$ 5,812.02
$ 1,453.01
$ 290.60
$ 185.98
1970
1,340.85
335.21
67.04
43.30
1971
2,577.27
617.82
128.86
78.23
*170 The issues for decision are: (1) Whether respondent properly determined gross income of petitioners on the bank deposit method where petitioners either filed no Form 1040 or Forms 1040 showing no information other than their names, address and social security numbers and refused to furnish any records to respondent's agents; (2) whether respondent properly determined additions to tax for failure to file returns for negligence or intentional disregard of rules and regulations and failure to pay estimated tax for each of the years here in issue; (3) (a) whether receipts by petitioners of Federal Reserve notes are receipts of income; (b) whether petitioners' constitutional rights under the 4th, 5th and 13th Amendments to the United States Constitution are violated by requiring them to file income tax returns; (c) whether petitioners are entitled to a jury trial in the Tax Court; and (d) whether petitioners' rights to due process are violated by requiring them to prove error in respondent's determination and limiting their rights to contest respondent's determination prior *171 to payment of the amount determined to bringing a case in the United States Tax Court which is created under Article I of the Constitution. FINDINGS OF FACT Petitioners resided in Altadena, California at the time the petition in this case was filed. For each of the calendar years 1969 and 1970, petitioners sent to respondent a Form 1040 which showed only their names, address and social security numbers, with a statement attached which in effect claimed that their constitutional rights would be violated if they were required to furnish any other information and that they could not be required to place any figures on the Form 1040 until the Government had proved to them that any money other than gold and silver was legal tender and not counterfeit. The documents attached to the Form 1040 for 1969 dated April 15, 1970, and the one for 1970 dated April 15, 1971, contained various arguments with respect to requirements of showing any information on an income tax return effectively violating the unlawful search of petitioners' private records, petitioners' rights against self-incrimination, and requiring subsidizing of conscription slavery and that only gold and silver was legal *172 money. Neither petitioner filed any Form 1040 or any other document purporting to be a Federal income tax return for the year 1971. Respondent, under date of April 2, 1975, issued a statutory notice of deficiency in which he determined that Robert W. and Margart M. Lyon were husband and wife during each of the years 1969, 1970 and 1971; that neither of them had filed a return for any of these years; that they had unreported community income of $ 38,705.11, $ 15,675.16 and $ 25,270.44 for the years 1969, 1970 and 1971, respectively, which was computed on the basis of bank deposits less certain adjustments for deposits determined not to constitute income plus amounts determined to constitute income received from various sources by cash or amounts not deposited. On this basis, respondent determined that each petitioner's community share of income was $ 19,352.55, $ 7,837.58 and $ 12,635.22 for the years 1969, 1970 and 1971, respectively. Respondent allowed to each petitioner a standard deduction on the basis of a married individual filing a separate return and personal exemptions on the same basis. In the case of Robert W. Lyon, respondent determined self-employment tax on the *173 basis of $ 7,800 in 1969 and 1970 at the rate of 6.9 percent and $ 7,800 in 1971 at the rate of 7.5 percent. Respondent determined that each petitioner was subject to the addition to tax under section 6651(a) in each year for failure to file returns, an addition to tax under section 6653(a) for negligence and disregard of rules and regulations, and an addition to tax under section 6654 for failure to pay estimated tax. Under date of August 17, 1972, prior to issuing the notice of deficiency, a representative of respondent wrote a letter to petitioners requesting that they meet with a revenue agent to discuss their 1969, 1970 and 1971 taxes. Petitioners refused to meet with the revenue agent or to furnish the revenue agent with records or information concerning their income or deductions for any of these years. OPINION At the trial petitioners refused to offer any evidence, except evidence showing that they had received no amounts or very small amounts in gold and silver coins during the years here in issue. They took the position that to offer other evidence would constitute an illegal search of their records, would violate their 5th Amendment rights, and would make them *174 partners to violation of the 13th Amendment prohibiting involuntary servitude. Petitioners also objected to the constitutionality of the United States Tax Court, to not being allowed a jury trial, and to being required to show error in respondent's determination. Petitioners contended that they had been subject to harrassment by various agents of respondent because of their refusal to supply their books and records to those agents. However, the only showing made in the evidence in this regard was that respondent's agents had made numerous efforts to obtain petitioners' books and records for purposes of computing their income tax liability. All the contentions made by petitioners in this case have been disposed of contrary to similar contentions by other taxpayers in numerous cases. See Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392 (1971); Roberts v. Commissioner,62 T.C. 834 (1974); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Swanson v. Commissioner,65 T.C. 1180 (1976); Gajewski v. Commissioner,67 T.C. 181 (1976); Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), *175 affg. a Memorandum Opinion of this Court; United States v. Wangrud, 533 F.2d 495 (9th Cir. 1976); Nash Miami Motors v. Commissioner,358 F.2d 636 (5th) Cir. 1966), affirming a Memorandum Opinion of this Court; Welch v. Helvering,290 U.S. 111 (1933). Because petitioners have made no showing of error in respondent's determination of their taxable income, any showing of reasonable cause for failure to file returns, any showing that part of the underpayment was not due to negligence or intentional disregard of rules and regulations and any showing that any amount of estimated tax was paid for any of the years here involved, we sustain in its entirety respondent's determination of deficiencies and additions to tax. [2]
*176 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. This case was tried in Los Angeles, California on March 11, 1977. At the conclusion of the trial the time for filing of original briefs by the parties was set for April 25, 1977, and for reply briefs May 25, 1977. Thereafter, the time for filing original briefs was extended to May 25, 1977. No brief was filed by petitioners on its due date of May 25. However, on June 24, 1977, petitioners filed a motion to proceed in forma pauperis, requesting that they be furnished a copy of the transcript of the trial without cost. On the same day petitioners filed a motion to extend the time to file their brief to July 25, 1977. The motion to proceed in forma pauperis was denied on June 28, 1977, and on that same date the motion to extend the time within which petitioners could file their brief to July 25, 1977, was granted. Petitioners filed no brief on July 25, but on August 1, 1977, filed a notice of appeal of the Tax Court's order denying their motion to proceed in forma pauperis and to provide a transcript of the trial held March 11, 1977, without charge to petitioners with the United States Court of Appeals for the Ninth Circuit. After the filing of this appeal, no further action was taken in this Court with respect to this case. On August 14, 1978, petitioners' appeal was dismissed by the United States Court of Appeals for the Ninth Circuit. Since petitioners' appeal was not filed until after the time, as extended, provided for filing their brief, the Court has assumed that petitioners do not intend to file a brief and has therefore proceeded to dispose of the case on the record as made. Numerous documents filed in this case, as well as statements by petitioners at the trial, contain petitioners' arguments on the issues raised in their petition and raised by them at the trial, and all of these arguments have been considered by the Court.↩