DENNIS M. SEIGLER and PAULA M. SEIGLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seigler v. Commissioner
Docket No. 2418-77.
United States Tax Court
T.C. Memo 1979-326; 1979 Tax Ct. Memo LEXIS 194; 38 T.C.M. (CCH) 1265; T.C.M. (RIA) 79326; August 22, 1979, Filed Robert M. Fowler, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter is before the Court on respondent's Motion for Summary Judgement filed February 16, 1979, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $1,268 and an addition to tax under section 6653(a) [1] in the amount of $63. Petitioners were residents of Donahue, Iowa at the time they filed their petition in this case. Petitioners filed their individual Federal income tax return for the taxable year 1975 with the Internal Revenue Service, Kansas City, Missouri. *195 Respondent's adjustments in the notice of deficiency are based primarily upon petitioners' failure to report properly the amount of their wages. In their petition to the Court, petitioners contend that Federal Reserve notes are not dollars and therefore must be valued at fair market value; that their rights to a jury trial have been violated; and that respondent has violated section 7214. On their 1975 tax return, petitioners reduced the amount of their reportable income based upon their estimation of the difference between the fair market value of the Federal Reserve notes they received in taxable wages and the face value of those notes. In essence, petitioners are specifically attacking the legality of the American monetary system by arguing that they did not receive "dollars" in the sense of gold and silver coin. Thus, they contend that their Federal Reserve notes are taxable only to the extent that they can be redeemed in gold and silver. This contention, which we have considered extensively in recent years, has uniformly been held to be without merit. Hatfield v. Commissioner,68 T.C. 895 (1977), Sibla v. Commissioner,68 T.C. 422 (1977); *196 Gajewski v. Commissioner,67 T.C. 181 (1976), affd, without opinion 578 F. 2d 1383 (8th Cir. 1978). In their petition, petitioners assert that the Constitution forbids a "legislative act which would inflict penalties upon the citizen without a judicial trial." The law, however, is clear that petitioners have no right under the Seventh Amendment or under statutory law to a trial by jury in this Court. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). Petitioners also assert that respondent violated section 7214 by issuing to petitioners the statutory notice of deficiency. Something more than petitioners' bare assertion of an impropriety is required for with certain exceptions not pertinent here, the manner in which respondent makes his determination of the deficiency is not an issue properly before this Court and cannot invalidate a deficiency notice. See Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974); Suarez v. Commissioner,58 T.C. 792 (1972). We must also sustain respondent's *197 determination that a penalty should be imposed under section 6653(a). Section 6653(a) imposes an addition to tax whenever "any underpayment * * * is due to negligence or intentional disregard of rules and regulations." Petitioners' argument that their earnings should be taxed based upon the fair market value of Federal Reserve notes borders on frivolous. We believe they were aware that no such deduction is provided for or authorized. Even if petitioners felt in good faith that they were entitled to such a deduction, which we do not believe, good faith alone will not relieve them from liability for the penalty imposed by section 6653(a). See United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973). Accordingly, respondent's motion is granted and, An appropriate order will be issued.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩