JAMES J. TSCHUDY and DARLENE TSCHUDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tschudy v. Commissioner
Docket No. 8098-78.
United States Tax Court
T.C. Memo 1979-459; 1979 Tax Ct. Memo LEXIS 65; 39 T.C.M. (CCH) 499; T.C.M. (RIA) 79459; November 20, 1979, Filed James J. Tschudy and Darlene Tschudy, pro se. Thomas N. Thompson, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1975 in the amount of $6,170.54, and an addition to tax under section 6653(a), I.R.C. 1954, [1] of $308.53. *66 The issues for decision are whether petitioners are entitled to itemized deductions and business expense deductions in excess of the amounts determined by respondent in his notice of deficiency. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband iand wife, who resided in Richmond, Utah at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1975. On this return petitioners reported $20,384 as income from salaries and wages, $66 of interest income and $4,581 of other income, making a total reported income of $25,031. The other income of $4,581 was shown on a Schedule *67 C, Profit or (Loss) from Business or Profession, filed with petitioners' return and was arrived at by subtracting from reported gross receipts of $30,830, cost of goods sold of $500 and business expense deductions of $25.749. In computing their taxable income, petitioners claimed the following itemized deductions: Medical expenses $ 624
Taxes
2,524
Interest
3,863
Contributions
1,400
Alimony paid
2,800
Other itemized deductions
349
Total Itemized Deductions
$11,560
On their Federal income tax return petitioners claimed exemptions for Mr. Tschudy's two children by a former marriage, Katrina and Kasandra. On June 12, 1975, Mr. Tschudy (petitioner) and his former wife, Belva Worrell Tschudy, were divorced by a decree of the Superior Court of Orange County, California. The petition for divorce had been filed in November of 1974. Mr. Tschudy and his former wife had two children -- Katrina, born February 7, 1960, and Kasandra, born May 26, 1966. During the period January through May of 1975, petitioner paid $900 a month to his former wife, Belva, for her support and that of their two children. The divorce decree filed on June 10, 1975, required petitioner *68 to pay $250 a month for the support of each of his minor children, or a total of $500 a month, and to pay to his former wife, Belva, alimony of $400 a month, each to commence June 1, 1975. In accordance with the decree, petitioner made the following payments to his former wife as alimony and child support for the two children: Date of Check
Amount of Check
May 26, 1975 $ 87
May 30, 1975
820
July 1, 1975
900
July 28, 1975
900
Sept. 1, 1975
900
Sept. 29, 1975
900
Oct. 29, 1975
900
Nov. 30, 1975
900
Total
$6,307
Petitioner's former wife, Belva, was not employed outside of the home at any time during the year 1975 and had no source of income other than the payments received from petitioner. Respondent in his notice of deficiency disallowed the $11,560 of itemized deductions claimed by petitioner and allowed in lieu thereof a standard deduction of $2,600. Respondent disallowed the claimed dependency exemptions totaling $1,500 for petitioner's children by his former marriage, Katrina and Kasandra. Respondent disallowed $9,455 of the business expense deductions claimed by petitioner on Schedule C of his return, explaining the amount disallowed as *69 follows: Per Return
Adjustment
Labor $ 500 $ 500
Rent
9,225
3,378
Billing
540
540
Public Relations
1,285
1,285
Expendable Supplies
2,119
2,119
Mileage
1,633
1,633
Total
$15,302
$9,455
Respondent's explanation for the disallowance of the itemized deductions was that petitioner had not established that any of the amounts were paid or, if paid, were expended for the purposes designated. His explanation for disallowance of the dependency exemption deductions for Katrina and Kasandra was that petitioner had failed to show that he provided more than 50 percent of their total support during the year, and his explanation for the disallowance of the above-listed portions of business expense deductions was that petitioner had failed to establish that the expenses were incurred or, if incurred, were ordinary and necessary business expenses. OPINION Petitioner, at the trial, specifically refused to produce any evidence to substantiate or testify with respect to any deduction disallowed by respondent except the claimed deduction for alimony. Petitioner stated that he could not produce evidence as to his other claimed deductions without waiving *70 his rights against self-incrimination under the 5th Amendment to the Constitution. Petitioner stated that his alimony payments and payments for support of his children were a matter of public record and therefore he did not waive any 5th Amendment rights in producing evidence establishing those payments. Respondent has conceded that petitioner has produced evidence to show that he is entitled to the dependency exemptions for his two children in the year 1975 and to show that he made alimony payments to his former wife of $2,800. The record clearly shows that petitioner contributed the entire support of his two children in 1975 and that petitioner did make $2,800 of alimony payments to his former wife in that year pursuant to a requirement of a decree of divorce. Petitioner specifically refused to present any evidence to support any of his other claimed itemized deductions or any of is claimed business expense deductions. He takes the position that since he signed his return under penalty of perjury, due process of law requires that respondent show error inthat return. Petitioner argues that to compel him to substantiate the claimed deductions by bringing in books and records *71 showing the amounts of the claimed deductions would violate his rights against self-incrimination under the 5th Amendment. Petitioner argues that he is entitled to a jury trial and that respondent has the burden of showing that his deductions as claimed in his return are erroneous. Petitioner presents his arguments in some detail. However, his contentions are summarized in the following statements in his brief: The 4th, 5th, and 7th Amendments to the Constitution of the United States assure the rights of due process. However, the petitioners' right to a fair and impartial trial by jury most certainly is not being honored where they are forced into appellant status and required to accept the burden of proof of their innocence, when their guilt in the first place is presumptive and administratively rather than judicially determined. An administrative allegation is not presumptively correct, or if it is so regarded by this Court, then the petitioners have been denied due process. * * *
C. The petitioners have sworn, under penalty of perjury, as required by law, that their Federal Income Tax Return for 1975, Fom 1040, is to the best of their belief and knowledge correct. Signing this oath is required by law as the means by which the respondent verifies the Form 1040 data provided by the petitioners (Section 6065, Title 26 U.S.C.). The respondent's threat to impose heavy penalties unless the petitioners prove that they did not bear false witness, implies that the petitioners are suspected of fraudulent testimony. If the petitioners are suspected of having committed perjury or fraud, both of which are crimes under Section 7206 and 7207, Title 26, United States Code, they must be so charged before a grand jury, where the burden of proof falls upon the respondent. *72 We have held in other cases that where a taxpayer refuses to produce his books and records or otherwise to substantiate his claimed deductions respondent is justified in disallowing the claimed deductions. Roberts v. Commissioner, 62 T.C. 834, 836 (1974), and cases there cited. The burden is on petitioner to show error in respondent's determination as set forth in the notice of deficiency. Roberts v. Commissioner, supra at 835. As pointed out in the Roberts *73 case (at 837), respondent does not have the burden of showing error in a taxpayer's return because that return is signed under penalty of perjury. A taxpayer is not entitled to a jury trial before this Court. Swanson v. Commissioner, 65 T.C. 1180 (1976).Requiring a taxpayer to file a proper return or to produce evidence to substantiate deductions disallowed by respondent in his notice of deficiency does not violate that taxpayer's rights under the 4th, 5th or 7th Amendments. Cupp v. Commissioner, 65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). On the basis of this record we hold that petitioner has failed to show error in respondent's determination disallowing itemized deductions except the claimed $2,800 deduction for alimony. Petitioner has failed to show error in respondent's disallowance of a part of his claimed business expense deductions and in respondent's determination of an addition to tax under section 6653(a). Petitioner has shown that he is entitled to a dependency exemption for each of his two children. We therefore *74 hold that petitioner is entitled to a $2,800 deduction for alimony and to dependency exemptions for each of his two children. In all other respects, we sustain the adjustments made by respondent in the notice of deficiency. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Petitioner James J. Tschudy's contention is that except as to the deductions claimed for alimony and payments he made for support of his children, which deductions and exemptions have now been conceded by respondent, his rights under the 4th and 5th Amendments↩ are violated if he is required to produce books and records to substantiate the deductions claimed, and therefore he should be allowed the deductions claimed on his return since the return is signed under penalties of perjury.