ALICE CHRISTINE BEARDEN and HOWELL CARL BEARDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bearden v. Commissioner
Docket No. 3818-80
United States Tax Court
T.C. Memo 1981-161; 1981 Tax Ct. Memo LEXIS 582; 41 T.C.M. (CCH) 1225; T.C.M. (RIA) 81161; April 6, 1981. *582 Howell Carl Bearden, pro se. William Miller, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 539 deficiency in petitioners' 1976 income tax, the entire amount of which is in dispute. The issues for decision are (1) whether petitioners incurred travel, meals and lodging expenses in excess of the amounts allowed by respondent; and (2) whether petitioners paid home mortgage interest in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Howell Carl Bearden and Alice Christine Bearden resided in Vancouver, Washington, at the time they filed their petition in this case. On their 1976 joint income tax return petitioners claimed travel, meals and lodging expenses of $ 3,951 and an itemized expense for home mortgage interest of $ 1,849.27. In his deficiency notice respondent disallowed $ 677 of petitioners' claimed travel, meals and lodging expenses and the entire home mortgage interest expense. OPINION Both issues in this case are merely questions of substantiation. Petitioners failed to produce any evidence establishing *583 their entitlement to the disallowed deductions. These issues are factual and the burden of proof is on petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Because petitioners did not present any evidence which would support any of the disallowed deductions, we find for respondent. [1]
Decision will be entered for the respondent. Footnotes
1. Petitioner chose instead to rely on a claim for a trial by jury and a request for a sworn affidavit signed by one of respondent's agents specifically stating "That $ 539.00 is the exact and correct amount certain which is due and owing to the Internal Revenue Service by Alice C. & Howell C. Bearden for the taxable year(s) of 1976." It is well established that once a taxpayer files a petition in this Court he waives his right to a trial by jury. Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp. v. Commissioner, 65 T.C. 68 (1975), affd. 559 F. 2d 1207↩ (3rd Cir. 1977). Furthermore, petitioner refers us to no authority, nor are we aware of any, requiring respondent to sign the requested affidavit.