ROBERT S. EVANS AND ANNA EVANS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evans v. Commissioner
Docket No. 19344-80.
United States Tax Court
T.C. Memo 1981-580; 1981 Tax Ct. Memo LEXIS 161; 42 T.C.M. (CCH) 1353; T.C.M. (RIA) 81580; October 5, 1981. Robert S. Evans and Anna Evans, pro se. Charles Williams and David W. Johnson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss amended petition for failure to state a claim upon which relief can be granted filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial *163 Judge: This case is before the Court on respondent's motion to dismiss amended petition for failure to state a claim upon which relief can be granted, filed on February 2, 1981, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in a separate individual notice of deficiency issued to each petitioner on July 18, 1980, determined deficiencies in each petitioner's Federal income tax and additions to the tax for the taxable calendar years 1977 and 1978 in the following respective amounts: Robert S. Evans
Additions to Tax, IRC 1954 [3]
Year
Income Tax
Sec.6651(a)
Sec.6653(a)
Sec.6654
1977
$ 1,068.00
$ 267.00
$ 53.40
$ 34.40
1978
1,514.00
378.50
75.70
35.20
Anna Evans
Additions to Tax, IRC 1954
Year
Income Tax
Sec.6651(a)
Sec.6653(a)
Sec.6654
1977
$ 1,068.00
$ 267.00
$ 53.40
$ 34.40
1978
1,514.00
378.50
75.70
35.20
Petitioners resided at 310 N. Loop, Houston, Texas, on the date *164 they filed their petition. They filed no Federal income tax returns with the Internal Revenue Service for the taxable calendar years 1977 and 1978. The only income adjustments determined by respondent in his deficiency notices were for wages received in 1977 and 1978 from various employers in the respective amounts of $ 16,418.85 and $ 20,026.23, ostensibly by Robert S. Evans, none of which was reported as income. One-half of the foregoing amounts was taxed to each petitioner in his respective notice of deficiency. [4]
The petition filed on October 10, 1980, while signed by petitioners, contained nothing but constitutional arguments. [5] The Court, by order dated October 23, 1980, directed petitioners to file a proper amended petition on or before December 23, 1980. On December 17, 1980, they filed an amended petition asserting further constitutional arguments, and they refused to sign it on constitutional grounds. On February 2, 1981, respondent filed his motion now under consideration. At the hearing on respondent's motion at Washington, D.C., on April 1, 1981, the Court, upon review of the record, feeling that petitioners may *165 wish to file a proper second amended petition properly contesting respondent's determinations, directed that they be given additional time to do so. An order was issued on April 1, 1981, giving petitioners until June 1, 1981, in which to file a proper second amended petition. [6] No such amended petition was filed. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition or amended petition with respect to the Commissioner's determination of the deficiencies or additions to the tax, *166 and no facts in support of such error are extant therein. Rather, they consume both of those documents with a plethora of constitutional arguments, all of which have been decided adversely to petitioners' contentions in numerous opinions of this and other courts. [7]
Despite petitioners' protestations to the contrary, section 61(a) defines gross income to mean "all income from whatever source derived, including * * * compensation for services [wages], * * *." Furthermore, federal reserve notes constitute legal tender--money--which must be reported on a taxpayer's return in accordance with his method of accounting. Gajewski v. Commissioner, 67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978). [8]
*167 The Tax Court, as established under the Tax Reform Act of 1969, sections 951-962, Pub. L. 91-172, 83 Stat. 487, 730-736, is a court of record established under Article I of the Constitution of the United States. The exercise by it of the jurisdiction conferred upon it by that Act, and prior law, does not violate Article III of the Constitution. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971); sections 7441 and 7442. [9]
Finally, while it may be somewhat repetitious, the following recent forewarning in McCoy v. Commissioner, 76 T.C. 1027, 1029 (1980), merits repeating herein: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided *168 against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [10]
On this record, petitioners have not stated a claim upon which this Court can grant any relief. Hence, we must and do grant respondent's motion. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearings at Washington, D.C., on April 1, 1981, and June 17, 1981. Petitioners did not appear at the April 1 hearing. However, they did file an objection to respondent's motion.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All section references herein are to the Internal Revenue Code of 1954, as amended.↩
4. Texas is a community property state.↩
5. For example, wages are not income, the Tax Court is unconstitutional, and the tax laws are violative of the U.S. Constitution and various amendments thereto. ↩
6. Together with that order the Court sent petitioners a detailed letter explaining precisely what they had to do in filing a proper second amended petition.↩
7. See Wright v. Commissioner, T.C. Memo. 1981-65↩, and the cases cited at footnote 5 thereof.
8. We additionally point out that the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207↩ (3d Cir. 1977).
9. Moreover, a taxpayer is not entitled to a trial by jury in the Tax Court. Sec. 7453. See Swanson v. Commissioner, 65 T.C. 1180↩ (1976).
10. In this respect, see also Hatfield v. Commissioner, 68 T.C. 895, 899↩ (1977).