JAMES R. HARRIS and MARY E. HARRIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 30022-81
United States Tax Court
T.C. Memo 1983-544; 1983 Tax Ct. Memo LEXIS 243; 46 T.C.M. (CCH) 1298; T.C.M. (RIA) 83544; September 6, 1983. *243 Petitioners failed to file income tax returns for 1975, 1976, and 1977, and failed to appear for trial. Respondent's motion for judgment on the underlying deficiency and for the addition to tax under sec. 6654 for failure to properly prosecute, GRANTED. Respondent's motion under Rule 91(f) that facts stated in proposed stipulation of facts be deemed admitted, GRANTED. Held: Evidence was sufficient to prove that underpayment of tax was due to fraud. Addition to tax for fraud approved. Cynthia J. Olson, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income tax and additions to tax as follows: James R. Harris
Additions to Tax
Tax Year
Deficiency
Sec. 6653(b)
Sec. 6654
1975
$29,296
$14,648
1976
$33,039
$16,520
$1,230
1977
$49,807
$24,904
$1,772
Mary E. Harris [1]
1975
$32,788
$16,394
1976
$36,680
$18,340
$1,367
1977
$48,504
$24,252
$1,726
At the time the petition in this case was filed petitioners, James R. Harris and Mary E. Harris, husband and wife, resided in Apple Valley, California. Petitioners did not file income tax returns *244 for 1975, 1976 or 1977. [2] A notice setting this case for trial in Denver, Colorado on May 9, 1983, was served on the parties February 8, 1983. The notice stated that the parties were expected to be present at that time and that "your failure to appear may result in dismissal of the case and entry of decision against you." The notice also advised the parties they were expected to stipulate undisputed facts before trial and "your failure to cooperate may result in dismissal of the case and entry of decision against you." When this case was called for trial in Denver, Colorado, petitioners did not appear and no appearance was made in their behalf. Petitioners had filed a response to the notice of hearing wherein they stated that they would rely on their "Request for Remand and Summary Dismissal," which the Court had previously denied for reasons appearing in the transcript. Respondent thereupon moved for judgment on the underlying deficiency *245 and on the addition to tax under section 6654 for failure of petitioners to properly prosecute and produce evidence. Since petitioners had the burden of proof on both of these issues and produced no evidence, this motion was granted. Doncaster v. Commissioner,77 T.C. 334, 336 (1981). Thus, the only issue remaining for decision is whether petitioners are liable for the addition to tax for fraud under section 6653(b). [3]
Respondent has the burden of proof on the fraud issue. Rule 142(b). [4] In support of that burden respondent moved, pursuant to Rule 91(f)(3), that the matters set forth in his proposed stipulation of facts, which had been submitted to petitioners, be deemed admitted. [5] Respondent offered evidence that he had repeatedly attempted to confer with petitioners prior to trial to obtain a stipulation of facts, without success, and that he had forwarded his proposed stipulation of facts to petitioners on several occasions but they had failed to agree to it. In a belated written response to the Court's order to show cause why respondent's motion should not be granted, petitioners simply challenged *246 the jurisdiction of the Tax Court to decide this case without a jury. This argument has been denied many times by many Courts. See Swanson v. Commissioner,65 T.C. 1180 (1976). Respondent's motion that the facts stated in the proposed stipulation of facts be deemed admitted was granted. [6] *247 Doncaster v. Commissioner,supra;Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); Gilday v. Commissioner,62 T.C. 260 (1974). Respondent then offered additional evidence on the fraud issue. [7] A brief resume of the facts gleaned from the record follows. FINDINGS OF FACT During the years at issue, James R. Harris, (hereinafter petitioner) was employed as Chief of Radiology at St. Mary Desert Valley Hospital in Apple Valley, California. Petitioner received one-third of the gross revenue of the radiology department at the hospital. Petitioner received compensation from the hospital for the years 1975, 1976 and 1977, in the amounts of $80,377.48, $108,063.00, and $153,530.00, respectively. These payments were received by checks which were deposited in the joint checking account of James and Mary Harris. Petitioner also owned a clinical practice which he operated as a sole proprietorship. He received income from this source which he deposited in his business checking account in the amounts of $110,715.65 in 1975, $107,765.77 in 1976, and $110,666.44 in 1977. Petitioner retained the services of a certified public accountant, Richard H. Miers, Jr., to perform various *248 accounting services for petitioner and his sole proprietorship for the years 1975, 1976 and 1977. Petitioner provided Miers with cash receipts and sales journals, check stubs, bank statements and cancelled checks for this purpose. The financial statements prepared by Meirs show gross income from the sole proprietorship in the amounts of $103,814.04, $105,789.17, and $107,389.91 for the years 1975, 1976 and 1977, respectively. Petitioner incurred deductible business expenses totalling $57,389 in 1975, $67,002 in 1976, and $78,552 in 1977. Petitioners timely filed a 1974 Federal income tax return showing a tax liability of $24,431.08. Petitioners made estimated tax payments totalling $24,432 for 1975. Miers prepared and delivered to petitioners four quarterly estimated income tax declarations (Forms 1040-ES) for 1976, each showing a payment due of $10,239. Petitioners did not file these forms and made no estimated tax payments for 1976 or for 1977. Miers prepared and delivered to petitioners a 1975 Federal income tax return showing Schedule C gross receipts (including both the hospital and sole proprietorship income) of $184,058. Petitioners did not file that return. Petitioners *249 told Meirs not to prepare a 1976 income tax return for them because they were having someone else prepare one. Respondent determined petitioners' taxable income for each of the years in issue from third-party records. Shortly after respondent's special agent notified petitioners in 1978 that their returns were being audited, both petitioners began withdrawing funds from their bank accounts and either depositing them in banks in Canada and New York, or using them to buy gold or certificates of deposit. Petitioners also transferred real estate owned by them to their son for no consideration, or to Mary in her maiden name. On July 24, 1981 respondent made jeopardy assessments against petitioners, under the authority of section 6861, for taxes, additions to tax, and interest due for the years 1975, 1976, and 1977. FINDING OF ULTIMATE FACT Petitioners underpaid their income taxes for the years 1975, 1976, and 1977 in the amounts determined by respondent in the notice of deficiency, and each such underpayment was due to fraud with intent to evade tax.
OPINION Respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); Professional Services v. Commissioner,79 T.C. 888, 929 (1982); *250 Stone v. Commissioner,56 T.C. 213, 220 (1971). The existence of fraud is a question of fact to be determined from consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199, affd. without published opinion, 578 F.2d, 1383 (8th Cir. 1978). However, since direct evidence of fraudulent intent is seldom available, respondent may meet his burden of proof through circumstantial evidence derived from an examination of the taxpayer's entire course of conduct. Brountas v. Commissioner,73 T.C. 491, 587 (1979), revd. on other grounds, 692 F.2d, 152 (1st Cir. 1982). We find that the evidence clearly and convincingly supports a conclusion that the underpayments of tax by petitioners for the years 1975, 1976, and 1977 were due to fraud with intent to evade tax on the part of both petitioners. While the failure to file returns is not itself enough to establish fraud, the deliberate failure to file returns over a period of years with full knowledge that returns were due is a strong indication of fraud. Beaver v. Commissioner,55 T.C. 85 (1970); Gajewski v. Commissioner,supra;Powell v. Granquist,252 F.2d. 56 (9th Cir. 1958). "An extended pattefiling plus some 'convincing *251 affirmative indication' of the requisite specific intent to defraud warrants imposition of the addition to tax for fraud." Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). Such affirmative indications are present here. Petitioners presumably were intelligent professional people who knew that their incomes were sufficient to require them to file returns. They had filed a joint return for 1974. They employed a C.P.A. to audit their books and records and prepare tax returns for them. They supplied the C.P.A. with the information he required to make the returns. The C.P.A. prepared an income tax return for them to file for the year 1975 but they failed to file it or any other return. The C.P.A. prepared declarations of estimated tax for petitioners for 1976 but they neither filed the declarations nor paid the estimated tax shown to be due thereon. They advised the C.P.A. not to prepare a return for them for 1976 because they were having someone else prepare a return for them. This was not true. Petitioners have given no explanation of why they suddenly decided to stop filing returns or paying any tax. The only assignment of error contained in the petition, in addition to *252 a demand for a jury trial, was the repeated argument that respondent failed to establish facts sufficient to show the receipt of gross receipts by petitioners which would require them to file returns. Petitioners have not denied that petitioner James received very sizeable amounts of income from his medical practice in each of the years involved nor do they claim that such income is non-taxable. The only conclusion can be that petitioners deliberately decided they would evade the payment of income taxes by not filing returns. This is supported by petitioners' conduct after they were advised that respondent was conducting an audit of their income tax liability. Both petitioners immediately started withdrawing funds from their bank accounts and buying gold and certificates of deposit. They also opened bank accounts in Canada and New York and deposited some of the withdrawn funds into those accounts. They also transferred real estate they owned to their son for no consideration. In one of these transactions the real estate was first deeded to Mary Emma House, which was petitioner Mary's maiden name, and then transferred to the son. We also believe petitioners' refusal to stipulate *253 known, or easily ascertainable, facts about their income, and their failure to appear for trial, supports the conclusion that their failure to file tax returns and pay any tax for the years 1975, 1976, and 1977 was due to fraud with intent to evade tax. [8]
We find for respondent on the fraud issue. Decision will be entered for the respondent.
Footnotes
1. Since petitioners lived in a community property state one-half of the income was charged to her.↩
2. Petitioner, James R. Harris, was convicted of willful failure to file Federal income tax returns for 1975, 1976, and 1977 in violation of sec. 7203 I.R.C. 1954↩. An appeal of this conviction was pending at the date of the hearing in this case.
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. All references to rules are to the Rules of Practice and Procedure, United States Tax Court. ↩
5. This motion was filed late but the Court granted respondent's motion to file the motion out of time. ↩
6. The proposed stipulation of facts simply summarized the information respondent had derived from third party and public records relative to petitioner's occupation, income and expenses, bank accounts, accounting procedures, tax returns filed and taxes paid, and petitioner's conviction for failure to file. No statement of conclusory facts relative to petitioner's fraud was contained in the proposed stipulation. The same facts, in slightly different form, were alleged in respondent's amended answer, in support of his allegation of fraud. 7. Since the instant case does not involve a default, the principle of Rule 55(b)(2), Federal Rules of Civil Procedure↩, requiring notice, is not applicable.
8. While there is not much direct evidence of Mary's participation in the scheme, there is no denial that she did. The facts that she had filed returns before, knew that James received large amounts from his medical practice which should have been reported, knew that returns were not being filed for those years, as well as her participation in the joint efforts to conceal assets after the investigation started, convince us that she was a party to the fraud.↩