**STIX FRIEDMAN & CO., INC., a corporation, Appellant,**

v.

**Eugene C. COYLE, Jr., District Director of Internal Revenue, Appellee.**

No. 72–1212.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1972.

Decided Oct. 6, 1972.

Henry C. Lowenhaupt, Richard D. Fitzgibbon, Owen T. Armstrong, St. Louis, Mo., for appellant; Lowenhaupt, Chasnoff, Freeman, Holland & Mellitz, St. Louis, Mo., of counsel.

Jane M. Edmisten, Atty., Tax Div., Dept. of Justice, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Daniel Bartlett, Jr., U. S. Atty., of counsel.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

In this case the appellant-taxpayer, Stix Friedman & Co., Inc., brought an action in a Missouri state court, which appellee removed to the federal district court, to redetermine the amount of taxpayer's deficiencies, if any, in its payment of income taxes for the years 1965 and 1966. Taxpayer also requested that appellee District Director of Internal Revenue be enjoined from asserting or collecting any deficiencies for these years pending a judicial determination of its tax liability.

Taxpayer had originally filed a petition for redetermination of tax liability in the Tax Court of the United States, but, following the enactment of the Tax Reform Act of 1969,[1] the taxpayer requested the Tax Court to take no further action and instead it filed this action in state court. The Tax Reform Act changed the status of the Tax Court from an agency of the Executive Branch of the government to an institution purporting to be a legislative court under Article I of the Constitution. Taxpayer alleges that this statutory alteration of the status of the Tax Court is unconstitutional.[2]

Following the removal of the taxpayer's action to the federal district court, the district court (Judge Meredith) denied the taxpayer's request to convene a three-judge court under 28 U.S.C. § 2282, holding that the constitutional question raised was not substan-

---

* Eastern District of Michigan, sitting by designation.

1. Pub.L. No. 91–172 (Dec. 30, 1969), 83 Stat. 487.

2. The United States Tax Court fully ventilated this claim and rejected the attack upon its jurisdiction. Burns, Stix Friedman & Co., Inc. v. Commissioner, 57 T.C. 392 (1971).

tial. The court also held that the taxpayer's requests for declaratory and injunctive relief were specifically prohibited by statute, and the court therefore dismissed the action. From this determination the taxpayer appeals. We agree with the disposition made by Judge Meredith and affirm on the basis of his written opinion reported at 340 F.Supp. 4 (E.D.Mo.1972).