LESTER J. and LOIS M. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 11927-77.
United States Tax Court
T.C. Memo 1979-157; 1979 Tax Ct. Memo LEXIS 366; 38 T.C.M. (CCH) 689; T.C.M. (RIA) 79157; April 23, 1979, Filed Lester J. Smith and Lois M. Smith, pro se. Timothy L. Lelson and Larry A. Johnson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent, on September 2, 1977, mailed to petitioners a notice of deficiency determining a deficiency in their income tax for the calendar year 1976 in the amount of $1,646. Petitioners filed a petition in this case in which they alleged error in respondent's determination of deficiency set forth in his notice of deficiency, a copy of which was attached to the petition. On January 23, 1978, respondent filed an answer to the petition. On February 26, 1979, respondent filed a motion for summary judgment in this case and on the same day filed a motion for damages pursuant to section 6673, I.R.C. 1954. [1] Pursuant to notice previously *367 given, these motions came on for hearing at Washington, D.C. on April 18, 1979. Respondent appeared by counsel and there was no appearance by or on behalf of petitioners. However, petitioners filed a written response to respondent's motions, objecting to the granting of his motion for damages. At the hearing, respondent's counsel moved that respondent be permitted, on the basis of the statements contained in petitioners' response to his motions, to withdraw his motion for damages. Respondent's motion to withdraw this motion will be granted. The record here shows that petitioners resided in Idaho Falls, Idaho, at the time their petition in this case was filed; that they filed their Form 1040 for the year 1976 with the office of the Internal Revenue Service located in Ogden, Utah; and that the tax in controversy is income tax for the year 1976 in the amount of $1,646. The allegations of error assigned in the petition, which were denied by respondent in his answer, may be summarized as follows: (1) That the United States Tax Court is not constitutionally created and *368 therefore any actions taken by the Tax Court are void; (2) that it is unconstitutional to place the burden of proof with respect to the deficiency on petitioners; (3) that the deficiency as determined was based on paper bank notes and bank credit not redeemable in gold and silver coin; (4) that the proposed assessment violated petitioners' constitutional rights against self-incrimination; and (5) that the Commissioner has no constitutional or statutory authority to determine the deficiency without a full and factual basis therefor. The purported statements of fact contained in the petition are in effect legal arguments (1) that the only legal money under the United States Constitution is gold and silver coin; (2) that petitioners filed a Form 1040 individual income tax return which properly raised certain constitutional objections against self-incrimination, the validity of the monetary system and the unconstitutionality of the income tax; and (3) that petitioners have not been given a judicial determination of the matters raised in their income tax return under Article III of the Constitution of the United States. In the purported statements of fact, petitioners alleged *369 that the entire procedure under the Internal Revenue Code is a denial of due process of law and that they are entitled to a jury trial in their case. Petitioners further alleged that they are entitled to peaceably assemble and petition any department of the Government for redress of grievances, which right they are attempting to exercise. Finally, petitioners request that they be granted reasonable attorney's fees and compensation for the work they have done and for the hardship, pain and suffering occasioned in connection with this case. Respondent attached to his motion for summary judgment a copy of the Form 1040 filed by petitioners for the year 1976 including copies of the Forms W-2 furnished to petitioners for that year. The amount of petitioners' income as determined by respondent is $13,728, the total of the amounts shown on these Forms W-2 furnished to petitioners by their employers. This record shows that petitioners dod not contest the determination as made by respondent except on constitutional grounds and on the ground that the only lawful money of the United States is gold and silver coins. [2] The issues raised by petitioners have been previously disposed of *370 contrary to the position here taken by petitioners. The constitutionality of the income tax laws under the 16th Amendment has been sustained in Brushaber v. Union Pacific Railroad Company,240 U.S. 1 (1916). The requirement of filing an income tax return does not violate a taxpayer's rights under the 5th Amendment. Roberts v. Commissioner,62 T.C. 834, 838-839 (1974), and cases there cited. The United States Tax Court is constitutionally created and entitled to exercise the jurisdiction conferred on it by statute. Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392 (1971), affd. 467 F.2d 474 (8th Cir. 1972). Gold and silver coin is not the only lawful money of the United States. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). A taxpayer is not entitled to a trial by jury in the United States Tax Court. Swanson v. Commissioner,65 T.C. 1180 (1976). Placing the burden of proving error in respondent's determination on a taxpayer is not unconstitutional or a violation of any constitutional right of a taxpayer. Roberts v. Commissioner,supra at 835-836. *371 A taxpayer is not entitled to an award of costs or attorney's fees in a Tax Court case. Key Buick Co. v. Commissioner,68 T.C. 178 (1977), on appeal (5th Cir., Aug. 15, 1977). Since no issue of fact is raised in the petition and the points of law on which petitioners rely have been previously decided contrary to the position taken by petitioners in this case, respondent's motion for summary judgment will be granted. An appropriate order and decision will be granted.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Petitioners in their response to respondent's motions appear to concede that respondent's determination of deficiency is correct, but since they do not specifically so state we will decide the issue raised by respondent in his motion for summary judgment.↩