VERONICA RITCHIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ritchie v. Commissioner
Docket No. 12261-77.
United States Tax Court
T.C. Memo 1979-159; 1979 Tax Ct. Memo LEXIS 367; 38 T.C.M. (CCH) 693; T.C.M. (RIA) 79159; April 23, 1979, Filed Veronica Ritchie, pro se. Timothy L. Nelson and Larry A. Johnson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent, on September 16, 1977, mailed to petitioner a notice of deficiency determining a deficiency in her income tax for the calendar year 1976 in the amount of $67. Petitioner filed a petition in this case in which she alleged error in respondent's determination of deficiency as set forth in the notice of deficiency, a copy of which was attached to the petition. On March 27, 1978, respondent filed an answer to the petition.
On February 26, 1979, respondent filed a motion for summary judgment in the above-entitled case and on the same day filed a motion for damages pursuant to section 6673, I.R.C. 1954. [1] Pursuant to notice previously given, *368 these motions came on for hearing at Washington, D.C. on April 18, 1979. Respondent appeared by counsel and there was no appearance by or on behalf of petitioner. However, on April 17, 1979, petitioner filed a written objection to the granting of respondent's motion for damages. At the hearing, counsel for respondent moved that respondent be permitted to withdraw his motion for damages on the basis of petitioner's written statement. This motion to withdraw respondent's motion of damages will be granted. The record here shows that petitioner resided in Idaho Falls, Idaho at the time her petition in this case was filed; that her Form 1040 for the year 1976 was filed with the Office of the Internal Revenue Service located in Ogden, Utah; and that the tax in controversy is income tax in the amount of $67 for the taxable year 1976. The petition filed in this case, except for blanks filled in as to names, places and dates, is exactly the same as the petition filed by petitioners in Smith v. Commissioner,T.C. Memo. 1979-157, filed this date. In fact, *369 the petition in this case, except for the first page, appears to be a copy of the same document as the petition in the Smith case. For this reason, our conclusion here is the same as in the Smith case on the same issues, and we repeat in substance our opinion in the Amith case. The allegations of error assigned in the petition, which were denied by respondent in his answer, may be summarized as follows: (1) That the United States Tax Court is not constitutionally created and therefore any actions taken by the Tax Court are void; (2) that it is unconstitutional to place the burden of proof with respect to the deficiency on petitioners; (3) that the deficiency as determined was based on paper bank notes and bank credit not redeemable in gold and silver coin; (4) that the proposed assessment violated petitioner's constitutional rights against self-incrimination; and (5) that the Commissioner has no constitutional or statutory authority to determine the deficiency without a full and factual basis therefor. The purported statements of fact contained in the petition are in effect legal arguments (1) that the only legal money under the United States Constitution *370 is gold and silver coin; (2) that petitioner filed a Form 1040 individual income tax return which properly raised certain constitutional objections against self-incrimination, the validity of the monetary system and the unconstitutionality of the income tax; and (3) that petitioner has not been given a judicial determination of the matters raised in her income tax return under Article III of the Constitution of the United States. In the purported statements of fact, petitioner alleged that the entire procedure under the Internal Revenue Code is a denial of due process of law and that she is entitled to a jury trial in her case. Petitioner further alleged that she is entitled to peaceably assemble and petition any department of the Government for redress of grievances, which right she is attempting to exercise. Finally, petitioner requests that she be granted reasonable attorney's fees and compensation for the work she has done and for the hardship, pain and suffering occasioned in connection with this case. Respondent attached to his motion for summary judgment a copy of the Form 1040 filed by petitioner for the year 1976 including a copy of the Form W-2 furnished to petitioner *371 for that year. The amount of petitioner's income as determined by respondent is $2,514 which is the amount shown on the Form W-2 furnished to petitioner by her employer. This record shows that petitioner did not contest the determination as made by respondent except on constitutional grounds and on the ground that the only lawful money of the United States is gold and silver coins. The issues raised by petitioner have been previously disposed of contrary to the position here taken by petitioner. The constitutionality of the income tax laws under the 16th Amendment has been sustained in Brushaber v. Union Pacific Railroad Company,240 U.S. 1 (1916). The requirement of filing an income tax return does not violate a taxpayer's rights under the 5th Amendment. Roberts v. Commissioner,62 T.C. 834, 838-839 (1974), and cases there cited. The United States Tax Court is constitutionally created and entitled to exercise the jurisdiction conferred on it by statute. Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392 (1971), affd. 467 F.2d 474 (8th Cir. 1972). Gold and silver coin is not the only lawful money of the *372 United States. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). A taxpayer is not entitled to a trial by jury in the United States Tax Court. Swanson v. Commissioner,65 T.C. 1180 (1976). Placing the burden of proving error in respondent's determination on a taxpayer is not unconstitutional or a violation of any constitutional right of a taypayer. Roberts v. Commissioner,supra at 835-836. A taxpayer is not entitled to an award of costs or attorney's fees in a Tax Court case. Key Buick Co. v. Commissioner,68 T.C. 178 (1977), on appeal (5th Cir., Aug. 15, 1977). Since no issue of fact is raised in the petition and the points of law on which petitioner relies have been previously decided contrary to the position taken by petitioner in this case, respondent's motion for summary judgment will be granted. [2]
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. It appears from the written response filed by petitioner on April 17, 1979, that she now concedes that respondent's motion for summary judgment should be granted.↩