LAWRENCE and CAMILLE BABCOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Babcock v. Commissioner
Docket No. 2043-78.
United States Tax Court
T.C. Memo 1979-160; 1979 Tax Ct. Memo LEXIS 369; 38 T.C.M. (CCH) 695; T.C.M. (RIA) 79160; April 23, 1979, Filed Lawrence Babcock and Camille Babcock, pro se. Ralph W. Jones and Larry A. Johnson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax and additions to tax for the years and in the amounts as follows: Amount of Tax Petitioner/
Taxable
Determined
Amount of Addition to Tax Taxpayer
Year
and Disputed
Determined and Disputed
Lawrence R.
1971
$1,304.00
$ 652.00 sec. 6653(b)
Babcock
1972
1,057.00
528.50 sec. 6653(b)
1973
2,780.00
1,390.00 sec. 6653(b)
1974
2,658.80
1,329.40 sec. 6653(b)
1975
1,578.90
789.45 sec. 6653(b)
Camille
1971
867.00
216.75 sec. 6651(a)
Babcock
43.35 sec. 6653(a)
1972
382.00
95.50 sec. 6651(a)
19.10 sec. 6653(a)
1973
1,916.00
479.00 sec. 6651(a)
95.80 sec. 6653(a)
1974
1,616.00
404.00 sec. 6651(a)
80.80 sec. 6653(a)
1975
758.00
189.50 sec. 6651(a)
37.90 sec. 6653(a)
*370 Petitioners filed a petition in this case in which they alleged error in respondent's determination of deficiencies, including the additions to the tax, as set forth in the notices of deficiency mailed to them on November 28, 1977, copies of which were attached to the petition. On April 11, 1978, respondent filed an answer to the petition. On March 1, 1979, respondent filed a motion for partial summary judgment in this case. Pursuant to notice previously given, this motion came on for hearing at Washington, D.C. on April 18, 1979. Respondent appeared by counsel and there was no appearance by or on behalf of petitioners. However, on April 17, 1979, petitioners filed a "Motion to Deny Summary Judgment," assigning the following reasons for their motion: 1. Respondent has failed to read and/or to understand Petitioners' "Petition" dated February 21, 1978 wherein it is made clear that each and every item is in dispute. 2. The Tax Court cannot issue a Summary Judgment when there are contested issues of fact. 3. A Summary Judgment is a Stranger to Common Law and the Constitutional provisions guaranteeing due process of Law. 4. A Summary Judgment is in violation of at *371 least, but not restricted to Art. 3 Sec. 2 Clause 3 of the United States Constitution and Art. 7 of the Bill of Rights. 5. The action of the Tax Court to grant a Summary Judgment without a determination of the issues of fact, also issues of fact intertwined and inseparable with the Common Law is an attempt to deprive the taxpayer of Constitutional Guarantees under Title 42 USC; 1983, 1985 and 1986. The allegations of error in the petition are as follows: 4. The determination of Tax set forth in said Notice of Deficiency is based upon the following errors: A. (Petitioners) (knows) that Respondent erred in computing the taxes for the (years) above in the (amounts) of $21,268.75 including penalties, if any, assessed by the authority of I.R.C. 6653(b)--I.R.C. 6651(a)--I.R.C. 6653(a) and that such error was willful, wanton, and malicious and intentional, all in violation of (Petitioners)' rights secured by the U.S. Constitution and the Declaration of Independence, the Magna Carta, and the Northwest Ordinance, and the Common Law. Respondents have [sic] assumed that (Petitioners) is/are (persons) required *372 to file a return and has made no effort to establish that this is true or not true, and/or has denied (Petitions) absolute right to fifth amendment privileges against self-incrimination. B. Alleged assessment is arbitrary and a direct result of the agent's malice, incompetence, ignorance and prejudice against (Petitioners). C. (Petitioners) believe that the alleged deficiency tax has been computed by using an arbitrary and capricious doctrine. (Petitioners) did not earn sufficient income in "DOLLARS" to warrant a factual assessment in amounts stated by Respondent. D. As and for affirmative defenses, (Petitions) claim: Waiver. Failure to earn "Dollars" as defined by the U.S. Constitution Art. 1, Sec. 8 and Sec. 10. Failure of Jurisdiction over the subject matter and over (Petitioners). Accord and Satisfaction. The first sentence of paragraph 5 of the petition states that "The facts upon which (Petitioners) rely as the basis of this case are as follows." Following this statement the petition sets forth in subparagraphs A thru U of paragraph 5 general statements that petitioners do not waive their constitutional rights; that the income tax laws are unconstitutional; *373 that respondent has violated the Administrative Procedures Act and section 7214 of the Internal Revenue Code of 1954; that petitioners demand a jury trial; that petitioners believe themselves to be in that group of persons not required to file a return under their rights under the 5th Amendment to the Constitution; that the United States Tax Court is not a constitutional court; that petitioners did not have sufficient books and records to file a return under penalties of perjury; that petitioners rely on their rights under the 5th Amendment; and that petitioners base their claim on-- the Bible, the U.S. Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution of the State of his/her/their residence, the Common law, the Declaration of Resolves, the Federalist Papers, the Mayflower Compact, the Articles of Confederation of 1778, the Declaration of Rights of 1765 and 1774, and the case decisions as they may be referred to under this Petition * * *. All these issues raised by petitioners in their petition have been previously disposed of contrary to petitioners' contentions. The requirement *374 that a taxpayer file an income tax return does not violate any of that taxpayer's constitutional rights. Cupp v. Commissioner,65 T.C. 68, (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 838-839 (1974). The income tax laws are constitutional. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916). Respondent is authorized to issue a notice of deficiency which is presumptively correct. Roberts v. Commissioner,supra at 835-836. A taxpayer is not entitled to a trial by jury in the Tax Court. Swanson v. Commissioner,65 T.C. 1180 (1976). The United States Tax Court is constitutionally created and entitled to exercise the jurisdiction conferred on it by statutes. Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392 (1971), affd. 467 F.2d 474 (8th Cir. 1972). Gold and silver coin is not the only lawful money of the United States. Cupp v. Commissioner,supra.
No issue of fact is raised in the petition with respect to the determination of the deficiencies. Petitioners have alleged no facts *375 to show error in the determination of the additions to tax under section 6653(a). The burden is on petitioners to show error in respondent's determination of an addition to tax under section 6653(a). See Pritchett v. Commissioner,63 T.C. 149, 174 (1974). No issue of law has been raised by petitioners with respect to the tax and addition to tax under section 6653(a) which has not previously been disposed of adverse to petitioners' position. The addition to tax under section 6651(a) for failure to file a timely return is determined against Camille Babcock only. The Form 1040 for each of the years 1971 through 1975 attached to respondent's motion which is not signed under penalties of perjury and contains no figures with respect to petitioners' income and deductions is signed only by Lawrence Babcock. There is no allegation in the petition that Camille Babcock filed a Form 1040 of any type for any of the years 1971 through 1975. The petition contains no allegation of fact with respect to respondent's determination of an addition to tax under section 6651(a) against Camille Babcock. Therefore, respondent's motion for partial summary judgment is well taken with *376 respect to the addition to tax under section 6651(a). Respondent's motion for summary judgment will be granted. As respondent recognizes, the burden to establish the addition to tax for fraud under section 6653(b) is upon him. Therefore, the case remains set for trial with respect to this issue. An appropriate order will be entered.