ROBERT M. ALLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 963-78.
United States Tax Court
T.C. Memo 1979-208; 1979 Tax Ct. Memo LEXIS 317; 38 T.C.M. (CCH) 856; T.C.M. (RIA) 79208; May 24, 1979, Filed *317 Robert M. Allen, pro se. Timothy L. Nelson and Leo A. Reinikka, Jr., for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On November 4, 1977, respondent mailed to petitioner a notice of deficiency determining a deficiency in his Federal income tax for the calendar year 1976 in the amount $164of. Petitioner filed a petition in this case in which he alleged in substance the following errors in respondent's determination: 1. That the United States Tax Court as constituted under Article I is unconstitutional because-- (a) its function is an illegal usurpation of judicial power by the Legislative Branch of the Government; and (b) the delegation to it of rule-making or legislative power violates Article I of the Constitution. 2. The placing of the burden of proof on petitioner is unconstitutional and in violation of petitioner's Common Law rights. 3. That the deficiency as determined was based on paper bank notes and bank credit not redeemable in gold and silver coins. 4. That it is unconstitutional to deprive petitioner of a trial by jury. 5. That the determination violated petitioner's constitutional rights against self-incrimination *318 and the determination amounts to the imposition of a bill of pains and penalties or a bill of attainment in violation of the United States Constitution. 6. That respondent had no constitutional or statutory authority to make the proposed assessment without a full and factual basis and the determination amounts to extortion or willful oppression under color of law. 7. That petitioner has otherwise been deprived of many of his constitutional rights. The purported statements of fact in the petition are merely a restatement in other words of the assignments of error. Following the purported statements of fact, petitioner requests that he be allowed reasonable lawyer's fees and compensation for the work he has done in connection with this case. On March 6, 1978, respondent filed an answer to the petition denying the allegations of error and the allegations contained under the heading "Statement of Facts." In this answer respondent made an affirmative claim for an addition to tax under section 6653(a), I.R.C. 1954, of $8.20. On March 9, 1979, respondent filed a motion for summary judgment in which he conceded that petitioner is not liable for the addition to tax pursuant *319 to section 6653(a) and moved that he be granted summary judgment on all issues raised in the petition. Attached to respondent's memorandum of authorities in support of his motion for summary judgment filed March 9, 1979, is an affidavit of an attorney with the Internal Revenue Service stating that a true copy of the Form 1040 filed by petitioner is attached thereto. This Form 1040 shows petitioner's name and address, his occupation, and a claim for one dependency exemption. The filing status of "single" is checked. In the spaces provided for the reporting of income and for the tax computation appear "* *" or the word "None" with the exception of the spaces for showing total Federal income tax withheld, amount overpaid and amount to be refunded. In each of these spaces appears the figure $235.80. Attached to this Form 1040 are excerpts from various printed documents and court cases as well as the Declaration of Independence and the Constitution. Also attached to the Form 1040 is a copy of the Form W-2 issued to petitioner by his employer which shows compensation received by petitioner of $3,782.20 during the calendar year 1976 and Federal income tax withheld of $235.80 from this *320 amount by his employer. The notice of deficiency, a copy of which is attached to the petition and to respondent's motion, shows that the deficiency is computed on the basis of petitioner having received income of $3,782.20 in 1976, that the overpayment shown on petitioner's return was $235.80, that $71.80 was refunded to petitioner, and that $164 of the claimed refund was withheld. The deficiency notice contains a statement that the amount shown as a deficiency may not be billed petitioner since all or a portion of the refund claimed by petitioner has been withheld to offset the deficiency. The record shows that petitioner resided in Rexburg, Idaho at the time his petition was filed, that his Form 1040 for the calendar year 1976 was filed with the Office of the Internal Revenue Service in Ogden, Utah and that the tax in controversy is $164. On May 2, 1979, when this case was called for hearing on respondent's motion for summary judgment in Boise, Idaho, respondent appeared by counsel but there was no appearance by or on behalf of petitioner. However, the Court received from petitioner a written document in which petitioner states that he withdraws his petition without prejudice, *321 which document was filed as petitioner's motion to withdraw petition. This motion was denied and a hearing was held on respondent's motion for summary judgment. In view of the notice of withdrawal of petition filed by petitioner it is not clear that petitioner contests the granting of respondent's motion for summary judgment. If he does, on this record we hold that respondent's motion is well taken. The issues raised by petitioner have been previously disposed of contrary to the contentions here made by petitioner. This Court is constitutionally created. Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392(1971), affd. 467 F.2d 474 (8th Cir. 1972). A taxpayer is not entitled to a jury trial in this Court. Swanson v. Commissioner,65 T.C. 1180 (1976). The income tax laws under the 16th Amendment are constitutional. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1(1916). The requirement of filing an income tax return does not violate a taxpayer's constitutional rights under the 5th Amendment. Roberts v. Commissioner,62 T.C. 834, 838-839 (1974), and cases there cited. The requirement that *322 a petitioner prove error in respondent's determination is not a violation of his constitutional rights. Roberts v. Commissioner,supra, at 835-836. Gold and silver coin is not the only lawful money of the United States. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). A taxpayer is not entitled to an award of costs or attorney's fees in a Tax Court case. Key Buick Co. v. Commissioner,68 T.C. 178 (1977), on appeal (5th Cir., Aug. 15, 1977). Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.