NORMAN C. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 10203-78.
United States Tax Court
T.C. Memo 1981-128; 1981 Tax Ct. Memo LEXIS 610; 41 T.C.M. (CCH) 1123; T.C.M. (RIA) 81128; March 23, 1981. Norman C. Thomas, pro se. Albert B. Kerkhove, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1976 in the amount of $ 4,133 and an addition to tax under section 6651(a), I.R.C. 1654, [1] in the amount of $ 1,240. This case was set for trial on the Omaha, Nebraska, calendar commencing February 2, 1981. After the case was set for trial, petitioner on January 5, 1981, filed a motion for summary judgment which was set for hearing at Omaha, Nebraska, on February 2, 1981. When the case was called from the calendar for trial, petitioner *611 stated that his total case was a legal argument as set forth in his memorandum accompanying his motion for summary judgment and that he had no evidence to present but the case should be decided against him if his motion were not granted. Respondent then, on February 2, 1981, filed a motion for summary judgment in which he requested a judgment for the amount of the deficiency determined stating that there was no material issue of fact in the case. The points raised in petitioner's motion for summary judgment are all basically claims that the income tax is unconstitutional and that amounts received from wages are not subject to income tax. Therefore the issue for decision presented by the two motions for summary judgment is the constitutionality of the income tax and whether amounts received as wages are subject to income tax. The agreed facts in this case show that the determination of deficiency was based entirely on gross income from wages received by petitioner of $ 17,889, a standard deduction and one personal exemption. Petitioner received wages from North Central Airlines, Inc., for the year 1976 in the amount of $ 17,888.55 from which income tax in the amount of $ 3,099.72 *612 was withheld. Petitioner has attached a copy of his Wage and Tax Statement 1976 Form W-2 to his motion for summary judgment. On April 15, 1977, petitioner filed a Form 1040 with several attachments including a copy of the Form W-2 from North Central Airlines, Inc., claiming a refund of the entire $ 3,099.72 withheld from his wages. On September 16, 1977, a United States Treasury check was issued to petitioner returning to him the amount which had been withheld from his wages. Thereafter an investigation of petitioner's tax return was begun and on June 9, 1978, the deficiency notice, which forms the basis of this case, was issued. In his petition filed from the notice of deficiency, petitioner alleges in general the unconstitutionality of the income tax, the application of the Fifth, Sixth, Seventh, and Eighth Amendments of the Constitution of the United States to relieve him from income tax on his wages, and that he is entitled to a jury trial. He further alleges that this Court does not have jurisdiction to redetermine his tax liability. The petition contains no allegation of any error in respondent's tax computation in the notice of deficiency other than the various constitutional *613 allegations and the allegations that wages are not subject to income tax. These are the same arguments petitioner makes in his memorandum in support of his motion for summary judgment. Respondent in his memorandum in support of his motion for summary judgment states that it has been previously held in a number of cases that the income tax is constitutional and that wages are subject to tax. It has long been held that an income tax is constitutional and that an income tax imposed on earned income is constitutional. It has likewise been held in numerous cases that a taxpayer is not entitled to a jury trial in this Court and that this Court has jurisdiction to redetermine deficiencies in income tax. See Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971), affd. 467 F.2d 474 (8th Cir. 1972); Cupp v. Commissioner, 65 T.C. 68 (1975), affirmed without published opinion 559 F.2d 1207 (3d Cir. 1977); Swanson v. Commissioner, 65 T.C. 1180 (1976). In a case in the United States Court of Appeals for the Eighth Circuit to which an appeal in this case would lie involving the right of respondent to issue *614 summons to banks in investigating the tax liability of a taxpayer, with Norman C. Thomas, appellant intervenor, the Court specifically held the income tax constitutional as applied to wages. See United States v. Thomas, 624 F.2d 1108 (8th Cir. 1980), in which the Court stated: It is clear that tax on income is constitutional and a direct tax, and that Congress has intended to tax income from a number of sources, including compensation for labor or services performed. United States v. Francisco, No. 79-1795 (8th Cir. Feb. 6, 1980) (slip op. at 4); see generally, Eisner v. Macomber, 252 U.S. 189, 198 (1920); Brushaber v. Union Pacific R.R., 240 U.S. 1, 18-19 (1916). * * * [2]
Since the only errors petitioner has assigned are the unconstitutionality of the income tax particularly as applied to wages, his right to a jury trial, and the lack of jurisdiction of this Court to redetermine the deficiency, and the only facts alleged are argumentative ones proposing to support these alleged errors, petitioner's motion for summary judgment is denied and respondent's *615 motion for summary judgment is granted. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, unless otherwise stated.↩
2. This opinion is unpublished; language taken from slip opinion.↩