GARY M. LAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lay v. Commissioner
Docket No. 9653-79.
United States Tax Court
T.C. Memo 1981-459; 1981 Tax Ct. Memo LEXIS 285; 42 T.C.M. (CCH) 845; T.C.M. (RIA) 81459; August 25, 1981. Gary M. Lay, pro se. Henry E. O'Neill, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income *286 tax for the calendar years 1975 and 1976 and additions to tax as follows: Deficiency in
Additions to Tax
Year
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1975
$ 3,900
$ 744
$ 195
$ 96
1976
19,445
4,861
972
724
At the trial of this case the parties stipulated that if the Court determined that petitioner "is subject to the jurisdiction of the Internal Revenue Code and the Internal Revenue Service," the deficiencies in income tax due from petitioner for the years 1975 and 1976 are $ 617 and $ 13,803, respectively, rather than the amounts of deficiencies determined in the statutory notice. Because of this stipulation of the parties, there is left for our decision only (1) whether wages and other income such as rent received by petitioner are subject to the Federal income tax, (2) whether petitioner is liable for additions to tax for failure to timely file returns and for negligence or intentional disregard of rules and regulations for each of the years 1975 and 1976, and (3) whether *287 petitioner is liable for an addition to tax for underpayment of estimated tax for the year 1976. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in San Francisco, California, at the time of the filing of his petition in this case. Petitioner was an unmarried individual during 1975 and 1976. On or prior to April 15, 1976, petitioner submitted to the Internal Revenue Service a Form 1040 for the year 1975 which showed his name and address but no figures whatsoever. This form was unsigned. On the front of this form appeared: UNDER PROTEST
I PLEAD THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.: (1975 YEAR) Attached to this form were various documents such as the Bill of Rights and statements with respect to Federal Reserve Notes being "phony money." On or before April 15, 1977, petitioner submitted to the Internal Revenue Service a Form 1040 for the year 1976 showing his name and address and no other information whatsoever except a statement comparable to the one *288 appearing on his 1975 Form 1040. The 1976 Form 1040 was unsigned and had attached thereto various documents comparable in import to those attached to the 1975 Form 1040, as well as additional documents critical of the Internal Revenue Service. During 1975 and 1976, petitioner was employed by United Airlines as an aircraft mechanic. He was compensated for this employment. During each of these years petitioner also owned property from which he received rental payments. For 1974 and prior years petitioner had filed Federal income tax returns reporting the income he received and had paid the tax shown to be due on those returns. In 1974 petitioner's wife died. Following her death, petitioner became depressed and was out of work for a substantial part of 1974. During this period of time petitioner began associating with individuals who encouraged him not to file Federal income tax returns as he had been doing but instead to send to the Internal Revenue Service the Forms 1040 and attached documents that he submitted for 1975 and 1976. Petitioner paid to have these documents prepared. Respondent's notice of deficiency to petitioner was mailed on April 5, 1979, and petitioner, *289 on July 3, 1979, mailed a petition to this Court which was received on July 6, 1979. [3] Attached to the petition is a a Form 1040 for the year 1975, properly filled in, showing the wages and rental income received by petitioner. This form was prepared by an accountancy corporation and was signed by petitioner on July 3, 1979. Also attached to the petition is a similar Form 1040 reporting wages and other income, including rental income, for the year 1976 prepared by an accountancy corporation and signed by petitioner on July 3, 1979. OPINION Although it is difficult to follow petitioner's contentions, we gather that it is his position (1) that the Federal income tax is unconstitutional as applied to individuals, (2) that this Court is an administrative agency without jurisdiction to redetermine his tax liability, (3) that requiring him *290 to file a Federal income tax return violates his constitutional rights, and (4) that Federal Reserve Notes are not "real money." All these arguments have been previously raised and disposed of by this Court contrary to petitioner's contentions. Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished Opinion 559 F.2d 1207 (3d Cir. 1977); Burns, Stix Friedman and Co. v. Commissioner, 57 T.C. 392 (1971), affd. 467 F.2d 474 (8th Cir. 1972). [4]
Petitioner also argues in general that he is not "subject to the jurisdiction of the Internal Revenue Code." If this contention is intended to be a separate argument from petitioner's constitutional arguments, it is equally without merit. This Court clearly has jurisdiction to redetermine the deficiencies in petitioner's income tax for 1975 and 1976. Sections 6213 and 7502. Petitioner argues that he is not liable for the additions to tax under section 6651(a) for failure to timely file returns. The Forms 1040 and attached documents submitted by petitioner to the Internal Revenue Service in *291 April 1976 and April 1977 are not returns within the meaning of section 6651(a). Cupp v. Commissioner, supra; Hatfield v. Commissioner, 68 T.C. 895 (1977). It is not clear whether the Forms 1040 attached to the petition in this case were ever filed by petitioner. If they were, clearly they were not timely filed returns. Petitioner, in arguing that reasonable cause existed for the untimely filing of his 1975 and 1976 tax returns, stressed his mental condition after the death of his wife. However, this condition existed in 1974 and is not reasonable cause for petitioner's failure to timely file returns for the years 1975 and 1976. We therefore sustain respondent's determination of the additions to tax under section 6651(a) for each of the years 1975 and 1976. The Forms 1040 and other documents petitioner submitted to respondent for 1975 and 1976 in April of 1976 and 1977 clearly did not comply with the rules and regulations with respect to the filing of returns. For the years prior to 1975, petitioner filed proper Federal tax returns. His failure to do so for the years 1975 and 1976 was either due to negligence or to intentional disregard *292 of rules and regulations. We therefore sustain respondent's determination of an addition to tax under section 6653(a) for each of the years 1975 and 1976. Respondent has conceded that petitioner is not liable for the addition to tax under section 6654 for the year 1975. [5] Petitioner has made no showing that he paid any estimated tax for the year 1976 or that any tax was withheld from his wages for that year. On the basis of this record, petitioner has totally failed to show that he is not liable for the addition to tax under section 6654 for the year 1976. We therefore sustain respondent's determination of an addition to tax under section 6654 for the year 1976. Since the parties have agreed that petitioner's correct tax liability for each of the years here in issue is a lesser amount than that shown in the notice *293 of deficiency, it will be necessary that the additions to tax determined to be due for the years 1975 and 1976 be recomputed on the basis of the agreed lesser deficiencies. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. On brief, respondent conceded that petitioner was not liable for underpayment of estimated tax under section 6654 for the year 1975.↩
3. The envelope in which the petition was mailed has a clear postmark of July 3, 1979, San Francisco, California, and the petition is stamped as received in the Tax Court at 9:59 a.m., July 6, 1979. No issue has been raised by either party as to the petition being untimely filed. The petition was clearly timely filed under section 7502.↩
4. See also Thomas v. Commissioner, T.C. Memo. 1981-128↩.
5. It appears from the deficiency notice that $ 924 in tax was withheld from petitioner's wages for the year 1975. Respondent stipulated that petitioner's tax liability for 1975 was $ 617. This is apparently the reason respondent has conceded that no addition to tax for underpayment of estimated tax under section 6654 is due from petitioner for the year 1975.↩