MILDRED JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 895-83.
United States Tax Court
T.C. Memo 1983-734; 1983 Tax Ct. Memo LEXIS 58; 47 T.C.M. (CCH) 574; T.C.M. (RIA) 83734; December 8, 1983. *58 Mildred Johnson, pro se. John B. Franklin, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: [1] Sec. 6651(a) Sec. 6653(a)
Sec. 6654(a)
Year
Deficiency
Addition to Tax
Addition to Tax
Addition to Tax
1977
$2,849.00
$712.25
$142.45
$91.16
1978
3,549.00
887.25
177.45
133.56
1979
2,547.00
636.75
127.35
106.97
After concessions made byu petitioner, the sole issue is whether the United States Tax Court is an unconstitutional body and thus lacks jurisdiction to decide this case. Petitioner, Mildred Johnson, resided in Paramount, Calif., when the petition was filed herein. At trial and in the stipulation of facts submitted by the parties, petitioner agreed to the amounts of the deficiencies in and additions to tax determined by respondent in the notices of deficiency at issue herein, but challenged this Court's authority to render a decision in this case. In essence, petitioner takes the position that this Court is unconstitutional *59 because it was not established pursuant to the provisions of article III of the Constitution. Since this argument has been raised and rejected on several previous occasions, we summarily reject it herein. See Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983); Burns, Stix Friedman & Co., Inc. v. Commissioner,57 T.C. 392 (1971); Stix Friedman & Co., Inc. v. Coyle,467 F.2d 474 (8th Cir. 1972); Henry v. Commissioner,T.C. Memo. 1983-277. [2]
Accordingly, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. A different result is not required as a result of the Supreme Court's recent decision in Northern Pipeline Co. v. Marathon Pipe Line Co.,458 U.S. 50 (1982) wherein the jurisdiction of the federal bankruptcy courts was declared unconstitutional. See, e.g., Northern Pipeline Co.,supra at 69 n. 21. Cf. Rowlee v. Commissioner,80 T.C. 1111, 1114-1115↩ (1983), on appeal (2d Cir., Sept. 13, 1983).