WILLIAM E. BLATY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Commissioner
Blaty v. Commissioner
Docket No. 25233-82.
United States Tax Court
T.C. Memo 1984-518; 1984 Tax Ct. Memo LEXIS 149; 48 T.C.M. (CCH) 1254; T.C.M. (RIA) 84518; October 1, 1984. William E. Blaty, pro se. Dennis L. Perez, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a) [1]
1979
$963.00
$240.75
$48.15
$40.44
1980
5,404.05
1,351.01
270.20
345.85
Petitioner was a resident *150 of Huntington Beach, California, at the time he filed his petition herein. The Court takes judicial notice of the fact that this case is typical of hundreds filed with this Court by residents of Southern California who attribute their positions to an organization known as Your Heritage Protection Association. [2] See, e.g., Gellatly v. Commissioner,T.C. Memo. 1984-263; Gellatly v. Commissioner,T.C. Memo. 1984-262; Rodriguez v. Commissioner,T.C. Memo. 1984-111; Phillips v. Commissioner,T.C. Memo. 1984-110; Hodge v. Commissioner,T.C. Memo. 1984-109; Kallsen v. Commissioner,T.C. Memo. 1984-108; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Africa v. Commissioner,T.C. Memo. 1984-95; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Langseth v. Commissioner,T.C. Memo. 1983-576. *151 An injunction issued by the United States District Court for the Central District of California on April 16, 1984, prohibited Your Heritage Protection Association from, among other things: 5. Filing, assisting or participating in any way in any lawsuit in the United States Tax Court or the United States District Court advancing the argument that: A. Federal Reserve Notes are not legal tender or lawful money or real dollars; B. Federal Reserve Notes are not gross income or taxable income; C. Taxable income includes only gain or profit; D. YHPA members, participants or subscribers are not taxpayers; E. YHPA members, participants or subscribers are not employees; F. YHPA members, participants or subscribers are not required to file returns; G. That for Constitutional or other similar reasons, YHPA members, participants or subscribers are exempt from taxation; H.Taxation is voluntary; I. The Internal Revenue Service lacks jurisdiction; or J. The United States Tax Court lacks jurisdiction; [United States v. Your Heritage Protection Association, No. CV 84-0643-R, 4/16/84.] Although announcing that he is no longer a member of Your Heritage Protection *152 Association, petitioner has not abandoned its precepts.When this case was called for trial in Los Angeles, California, on August 15, 1984, petitioner filed a brief and orally presented arguments including those set forth above. He expressly declined to present any evidence concerning the amount of income he earned during the years 1979 and 1980 or any deductions to which he would be entitled. Briefly stated, the issues petitioner attempts to raise, and some of the innumerable authorities demonstrating their lack of merit, are as follows: 1. Jurisdiction of the Court and the authority of the judges -- sections 7441, 7442, 7443, 7456; Stix Freidman & Co. v. Coyle,467 F.2d 474 (8th Cir. 1972); Rowlee v. Commissioner,80 T.C. 1111, 1114 (1983). 2. Wages as taxable income -- United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981); United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980); Rowlee v. Commissioner,supra at 1119-1122. 3. Right to privacy -- Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. an unreported decision of this Court; *153 Billman v. Commissioner, 83 T.C.     (Sept. 25, 1984). 4. Right to jury trial -- McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). 5. Validity of Federal Reserve Notes -- United States v. Wangrud,533 F.2d 495 (9th Cir. 1976); United States v. Gardiner,531 F.2d 953, 955 (9th Cir. 1976). 6. Persons liable for income tax -- sections 1, 6001, 6011, 6012; United States v. Moore,692 F.2d 95 (10th Cir. 1979, as amended 10/26/82); Rowlee v. Commissioner,supra at 1120. The balance of petitioner's arguments are too unintelligible or scurrilous to justify response. Petitioner purports to be familiar with the law, and he is presumed to have knowledge of the above authorities. In addition, he was given specific notice of the frivolous nature of his claims by respondent. Yet he pursues them, regardless of their patent lack of merit or likelihood of success. The only reasonable inference to be drawn from his conduct is that this proceeding was instituted merely for delay. Section 6673 was designed precisely for the purpose of awarding *154 damages to the United States for instances such as this in which a petitioner seeks to disrupt the system designed to provide a remedy to taxpayers with genuine controversies. See Hatfield v. Commissioner,68 T.C. 895, 899-900 (1977); Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979); Abrams v. Commissioner,82 T.C. 403 (1984). [3]
*155 The petition will be dismissed for petitioner's failure to present evidence or otherwise properly to prosecute the case. Rules 123 and 149(b), Tax Court Rules of Practice and Procedure. Damages shall be awarded to the United States in the maximum amount authorized by law ($500 in this case). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. Petitioner filed a Request for Jury Trial and a Motion for More Definite Statement. The latter motion refers to a motion for summary judgment, a pleading submitted by many members of Your Heritage Protection Association but apparently not submitted by petitioner in this case. Petitioner also sent to respondent argumentative "interrogatories" that were not proper discovery. See Rowlee v. Commissioner,80 T.C. 1111, 1115↩ (1983).
3. Sec. 6673, as applicable to this proceeding, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Sec. 6673, as applicable to cases filed after December 31, 1982, or pending in this Court 120 days after July 18, 1984, the date of enactment of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩