DELBERT RAZEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Razee v. Commissioner
Docket No. 42065-85.
United States Tax Court
T.C. Memo 1987-514; 1987 Tax Ct. Memo LEXIS 510; 54 T.C.M. (CCH) 852; T.C.M. (RIA) 87514; September 30, 1987; As amended September 30, 1987 *510 Petitioner filed a Tax Court petition alleging tax protester type allegations. Held, petitioner did not meet his burden of proving the incorrectness of respondent's determinations of deficiencies and additions to tax under I.R.C. sections 6651(a)(1), 6653(a), 6654 and 6661 for the taxable years 1980 through 1983. Held further, respondent's determinations of deficiencies and additions to tax are sustained. Held further, the United States is awarded damages of $ 500 under I.R.C. 6673. Delbert Razee, pro se. James Gehres, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: On December 19, 1986, the Court ordered petitioner to show cause (1) why the instant case should not be dismissed for failure to properly prosecute; and (2) why the Court should not award damages to the United States and against petitioner under section 6673. [1] Petitioner appeared at the show cause hearing held on January 5, 1987, and submitted a written response to the show cause order. At the hearing, respondent moved that the case be dismissed for failure to properly prosecute. Respondent's oral motion is based on the following: (1) petitioner has not filed any Federal income tax return since 1976; [2] *511 (2) petitioner has not retained any records; (3) petitioner has not accepted any of respondent's offers to discuss settlement of the case; and (4) petitioner has not cooperated in preparing a stipulation of facts. Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1) [3] *512 Sec. 6654
Sec. 6661
1980
$ 4,987
$ 1,247
$ 249
$ 318
$ --
1981
5,396
1,349
270
414
--
1982
8,385
2,096
419
816
839
1983
9,336
2,334
467
571
934
Petitioner timely filed a petition with this Court. Petitioner's petition does not allege his residence; however, his motion to change the place of trial states that he is a resident of Denver, Colorado. Petitioner's petition includes the following tax protester type allegations: that respondent has the burden of proving the allegations in his notice of deficiency, that the notice of deficiency constitutes an unconstitutional adjudication of an ultimate fact by a clerk in an administrative agency of the executive branch in violation of section 1 of Article III of the Constitution of the United States, that petitioner was not required to file an income tax return or pay income tax or penalty, that he did not volunteer to self-assess himself for taxes during the years in issue and that he did not receive profit, gain or income during the years in question. In a notice dated August 5, 1986, the case was set for trial on January 5, 1987. The notice setting the case for trial included the following paragraph: Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, *513 must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On November 5, 1986, respondent filed a motion for protective order with respect to petitioner's request for admissions. In an order dated November 20, 1986, the Court granted respondent's motion for protective order and relieved him of any duty to respond to petitioner's request for admissions. The Court's order was based on the following: (1) petitioner's request for admissions was premature in that no attempt had been made to comply with the requirements of prior informal consultation or communication; and (2) the subject matter of the request for admissions was not relevant to the matters involved in the case. The Court ordered each of the parties to submit on or before December 8, 1986, a status report regarding efforts to arrive at a stipulation of facts or, alternatively, to dispose of the case by settlement. The Court also *514 ordered petitioner (in the event that an appropriate stipulation of facts has not been achieved or the case is not settled) to submit to the Court on or before December 15, 1986, a written statement addressing the substantive tax issues involved in the case. The Court advised petitioner that he has the burden of proof on all issues raised by the notice of deficiency. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). The court further advised petitioner that: [I]f he fails to comply with this order and persists in maintaining meritless legal positions, the Court, without further notice or hearing, may dismiss the above-docketed case for failure properly to prosecute and strike the case from the calendar of the January 5, 1987 trial session at Denver, Colorado, in which event a decision will be entered against him for the full amounts set forth in the notice of deficiency, including additions to tax and, in such event, will be inclined to grant respondent's request for damages under section 6673, Internal Revenue Code. Respondent's status report, dated December 9, 1986, outlines the parties' efforts to obtain a stipulation of facts in the instant case. On October 8, 1986, respondent *515 mailed to petitioner a proposed stipulation of facts. In response to respondent's stipulation of facts, petitioner prepared his proposed stipulation of facts, which states that petitioner received payments from Coors Transportation Company (Coors) and that the amounts and apportionment of such payments are controlled by petitioner's prior Tax Court case at docket No. 23601-81. On December 4, 1986, petitioner sent a second proposed stipulation of facts in which he states the total amount of payments received from Coors in the years 1980, 1982 and 1983, but not 1981. Petitioner submitted written reports to the Court on December 8, 1986, and December 15, 1986. Petitioner's reports focus on respondent's unwillingness to follow in the instant case the method of accounting and allocation that was allegedly used in petitioner's prior Tax Court case. After reviewing the reports of the parties, the Court ordered petitioner to show cause on January 5, 1987, why the case should not be dismissed for failure to properly prosecute and why damages under section 6673 in the amount of $ 5,000 should not be awarded to the United States and against petitioner. The show cause order noted that petitioner *516 was continuing to pursue meritless legal claims and that his December 15, 1986, report did not address the substantive tax issues of the case, as directed by the Court's November 20, 1986, order. The show cause order also advised petitioner that the decision [4] in his prior case at docket No. 23601-81 had no precedential or binding effect on the years before the Court in the instant case. United States v. International Building Co.,345 U.S. 502 (1953). Petitioner was present at the show cause hearing on January 5, 1987, and he submitted a written response to the Court's show cause order. [5] *517 In his response, petitioner states that he works as a "lumper" -- off loads cargo from a semi-trailer at the consignee's dock in the Denver, Colorado, area. In addition to unloading cargo, petitioner works as a provider of lumpers for Coors, which involves providing day laborers at the proper place and time and serving as a conduit of the lumper's pay. Petitioner argues that respondent's determinations of taxable income for the years in issue are not in accordance with the method of calculation allegedly used in his prior Tax Court case involving the taxable years 1976 through 1979. [6] *518 In response to respondent's determinations of taxable income, petitioner prepared Federal income tax returns for the years in issue and submitted such returns to the Court to "assist in reaching a fair resolution of the case." Each of petitioner's Schedule C for the taxable years 1980, 1981 and 1982 lists business income of $ 7,384; the Schedule C for the taxable year 1983 lists business income of $ 7,361. Petitioner computed his business income as follows: 1980
1981
1982
1983
Gross Receipts [7]
$ 58,625
$ 61,035
$ 98,885
$ 115,410
Less: Commissions paid [8] *519 50,305
52,715
90,565
107,090
Less: Mileage [9]
936
936
936
959
Business Income
7,384
7,384
7,384
7,365 Petitioner presented no evidence substantiating the amount that he received for work as a lumper, the amount that he received for being a provider of lumpers and then paid to the lumpers or the amount of mileage expense. In fact, petitioner admitted that whatever information he has accumulated is not relevant to the years 1980 through 1982, [10] *520 even though he was advised during his previous Tax Court case to establish and maintain a record system. He offered no reason for not having relevant records or books with respect to the years in issue. Petitioner, who represented himself, was advised that he bore the burden of proving that the respondent's determinations of deficiencies and additions to tax are incorrect. Rule 142(a). See Hartman v. Commissioner,65 T.C. 542 (1975). Petitioner has admitted that he received income from Coors in the amounts of $ 58,625, $ 61,035, $ 98,885 and $ 115,460 in the taxable years 1980, 1981, 1982 and 1983, respectively. However, petitioner and respondent disagree as to the amount of contract labor expenses and mileage expenses. Petitioner listed commissions paid and mileage expenses on the Schedule C that he prepared in connection with this case. Petitioner, however, presented no evidentiary basis for the amounts that he claimed as commissions paid and mileage expenses. Thus, petitioner did not meet his burden of proving that the respondent's deficiency determinations are incorrect. See Cullen v. Commissioner,T.C. Memo. 1984-541. Petitioner also computed his income in accordance with the method of allocation *521 that he alleges was used in his previous Tax Court case. Petitioner was advised that his prior case, which involved the years 1976 through 1979, had no binding effect on the instant case, which involves the years 1980 through 1983. Petitioner's case at docket No. 23601-81 was disposed of by means of a settlement between the parties; no trial was held, no evidence was presented and no finding of fact was made. Accordingly, the doctrine of collateral estoppel is inapplicable. United States v. International Building Co.,345 U.S. at 505; Warren Jones Co. v. Commissioner,68 T.C. 837, 846 (1977), affd. 617 F.2d 536 (9th Cir. 1980). See Herman v. Commissioner,T.C. Memo. 1985-557. Additionally, petitioner's petition raises frivolous issues that have been considered and rejected on numerous occasions. Petitioner is liable for income tax on his taxable income. Sections 1, 6001, 6011, 6012; Charczuk v. Commissioner,771 F.2d 471 (10th Cir. 1985). Wages constitute taxable income. Section 61; Rowlee v. Commissioner,800 T.C. 1111, 1119-1122 (1983). The Tax Court, which was established under Article I of the Constitution, has authority to adjudicate disputes between taxpayers and respondent *522 when a notice of deficiency has been issued and a Tax Court petition has been timely filed. Stix Friedman & Co. v. Coyle,467 F.2d 474 (8th Cir. 1972); Rowlee v. Commissioner, 80 T.C. at 1114-1115. A trial before the Tax Court is a proceeding de novo. This Court's determination of a petitioner's tax liability is based on the merits of the case and not any record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974). Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to timely file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner in the instant case has not filed Federal income tax returns for the years in issue. He offered no explanation for his failure to file returns for the years in issue. Rule 142(a). Accordingly, petitioner is liable for the additions to tax under section 6651(a)(1) for each of the years in issue as determined by respondent. Section 6653(a)(1), in effect for the years in issue, provides an addition to tax equal to five percent of the underpayment if any part of any underpayment is due to negligence or intentional disregard *523 of rules and regulations. Section 6653(a)(2), in effect for petitioner's taxable years 1981 through 1983, imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment caused by negligence or intentional disregard of the rules and regulations. Petitioner presented no evidence with respect to the issue of whether his underpayment in each of the taxable years 1980, 1981, 1982 and 1983 is due to negligence or intentional disregard of rules and regulations. Thus, he did not meet his burden of proving that he was not liable for the additions to tax imposed by section 6653(a)(1) for the taxable years 1980 through 1983 and section 6653 (a)(2) for the taxable years 1981 and 1983. Accordingly, petitioner is liable for the additions to tax under section 6653(a)(1) for the years 1980 through 1983 and section 6653(a)(2) for the years 1981 through 1983. [11]
Respondent determined that petitioner is liable *524 for addition to tax under section 6654 for failure to pay estimated taxes. The imposition of the section 6654 addition to tax is mandatory unless one of the statutory exceptions applies. Section 6654; Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Petitioner has not shown that one of the exceptions applies. Therefore, we sustain respondent's determinations of the additions to tax under section 6654. Respondent then determined that petitioner is liable for additions to tax under section 6661 for substantial understatement of liability in the taxable years 1982 and 1983. Petitioner did not present evidence showing that there was reasonable cause for the understatements or that he acted in good faith. Section 6661(c); Rule 142(a). Thus, petitioner is liable for the addition to tax under section 6661 for the years 1982 and 1983 as determined by respondent. Respondent's answer includes a request for damages in the amount of $ 5,000 under section 6673. Section 6673, as applicable to the instant case, provided that Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by *525 the taxpayer primarily for delay, or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assisted at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Petitioner in the instant case filed a petitioner asserting frivolous arguments but not raising substantive tax issues. In response to the Court's show cause order, petitioner did not present evidence substantiating his calculations of income. He continued to erroneously argue that his taxable income should be determined according to the method of calculation that was allegedly used in his prior Tax Court case. But at no time did petitioner comply with the Court's direction to cooperate in an effort to stipulate facts or settle the case on a mutually satisfactory basis. Based on the foregoing, we find that the instant proceeding was instituted and has been maintained primarily for delay. Accordingly, giving due consideration to all the surrounding facts and circumstances of *526 this case, we award damages to the United States in the amount of $ 500 pursuant to section 6673. To reflect the foregoing, An appropriate order will be issued and decision will be entered under Rule 155.
Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The instant case involves deficiencies and additions to tax for the taxable years 1980 through 1983. The taxable years 1976 through 1979 were involved in the case at docket No. 23601-81. On February 24, 1983, the Court entered a decision in the case at docket No. 23601-81 "pursuant to agreement of the parties in the case." ↩
3. Respondent also asserted that petitioner is liable for additions to tax under section 6653(a)(2) for the taxable years 1981, 1982 and 1983. The amounts of the section 6653(a)(2) additions to tax are to be determined. 4. The decision in petitioner's prior case at docket No. 23601-81, entered pursuant to I.R.C. section 7459↩, merely stated the amount of deficiency determined per agreement of the parties and did not address the merits of the case. 5. Petitioner attached the following four exhibits to his written response: (1) decision entered in his prior Tax Court case at docket No. 23601-81; (2) worksheets prepared by respondent in the case at docket No. 23601-81; (3) letter dated November 13, 1986, from an Associate Chief of the Appellate Office to petitioner; and (4) Federal income tax returns for the taxable years 1980 through 1983 that were prepared by petitioner in connection with this case. 6. Respondent's computations of petitioner's taxable income for the years in issue are as follows: ↩
1980
1981
1982
1983
Income received from Coors
$ 58,625
$ 61,035
$ 98,885
$ 115,410
Less: Contract Labor Expense
37,275
39,155
68,595
81,414
Less: Mileage Expense
1,040
1,040
1,040
1,066
Adjusted Gross Income
20,310
20,840
29,250
32,930
Less: Exemptions
2,000
2,000
2,000
2,000
Taxable Income
18,310
18,840
27,250
30,930
7. In each of the taxable years 1980, 1982 and 1983, the amount of gross receipts equals the amount of the fees, commissions and other compensation listed on the Forms 1099 prepared by Coors. In the taxable year 1981, the amount of gross receipts equals the amount of income listed on an Internal Revenue Service (IRS) transcript. The Forms 1099 and IRS transcript are attached to a proposed stipulation of fact which was prepared by respondent but which petitioner refused to sign. Petitioner's second proposed stipulation of facts states the amount of gross receipts for the taxable years 1980, 1982 and 1983. ↩
8. Petitioner apparently contends that the amount of commissions paid equals the amount that he paid to the lumpers whom he provided to Coors. In each of the taxable years in issue, the difference between gross receipts and commissions paid equals the amount earned by petitioner as a lumper. He contends that he earned $ 8,320 as a lumper in each of the years in issue. Petitioner specifically contends that he unloaded 208 trucks in each of the years in issue at a rate of $ 40 per truck. 9. With respect to the taxable years 1980, 1981 and 1982, petitioner calculated the amount of mileage expense as 208 trips at 22.5 miles per trip at $ .20 per mile. The number of trips and miles per trip with respect to the year 1983 was the same as for the years 1980, 1981 and 1982. However, the cost per mile in 1983 was increased to $ .205 from $ .20. ↩
10. Petitioner failed to state whether he has any books or records with respect to the taxable year 1982. Such failure is construed as indicating that petitioner has no books or records concerning 1983. 11. With respect to the additions to tax under section 6653(a)(2)↩, we find that the entire underpayment in each of the taxable years 1981, 1982 and 1983 is due to negligence or intentional disregard of rules and regulations.